HARLOW N. HIGINBOTHAM

*v.*

CHICAGO TITLE AND TRUST COMPANY, Assignee, *et al.*

*Opinion filed October 19, 1899.*

1. VOLUNTARY ASSIGNMENTS—*a creditor who files his claim within three months may object to discontinuance.* A creditor who has filed his claim with the assignee of his insolvent debtor within the three months limited therefor by the Voluntary Assignment act has an interest in a proposed discontinuance of the proceeding under section 15, and may object thereto.

2. SAME—*what creditors may assent to discontinuance.* Creditors who have the right, under section 15 of the Voluntary Assignment act, (Laws of 1879, p. 57,) to consent to a discontinuance of the assignment proceedings are those who have filed their claims within the three months specified in the act, and whose names and the amount of their claims have been reported by the assignee at the expiration of such time.

3. SAME—*county court cannot discontinue the proceedings before three months is up.* The county court is without power to enter an order, under section 15 of the Voluntary Assignment act, discontinuing the assignment proceedings before the expiration of the three months within which creditors are required by the act to file their claims, and any order so entered, being a nullity, may be set aside at a subsequent term.

*Higinbotham v. Chicago Title and Trust Co.* 77 Ill. App. 677, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

On October 13, 1896, Isaac Goldberg filed in the county court of Lake county a deed of assignment, dated as of that day, and executed by him to the Chicago Title and Trust Company under the Voluntary Assignment Act. The deed of assignment was acknowledged by Goldberg on the day of its date, and, on the same day, was recorded in the recorder's office of said county; and, on the same day, the trust was accepted by the assignee therein named.

On December 1, 1896, there was filed in said county court a stipulation and consent, that the assignment proceedings might be discontinued, which stipulation and consent purported to be signed by a majority in number and amount of the creditors of said Goldberg. On the same day, namely, December 1, 1896, the county court entered an order, discontinuing the assignment proceedings, and directing that all parties be remitted to the same rights and duties existing at the date of the assignment, except so far as it had been administered; that the said assignee should re-convey to Isaac Goldberg all property acquired by it by virtue of said assignment, except so far as said estate had already been disposed of.

Afterwards, on November 6, 1897, Marshall Field, Harlow Higinbotham, and others, co-partners under the firm name of Marshall Field & Co., filed a petition in the county court, representing that they were creditors of Goldberg on October 13, 1896; that they filed their claim as creditors with the assignee before the expiration of the three months, allowed by law for filing claims; that their said claim is now, in part, in judgment, and that said judgment is unpaid; that on December 1, 1896, the assignee filed a petition, asking for a discontinuance of

the assignment proceedings, and presented a stipulation purporting to be signed by a majority, in number and amount, of the creditors of said Goldberg consenting to said discontinuance; that the petitioners did not, any or either of them, or any one for them, consent to said discontinuance, nor receive any notice of the application therefor.

The petition then sets up that the order of discontinuance was entered on December 1, 1896, and charges that said order was a nullity and absolutely void, and prays that the said order be set aside, and declared void and of no effect; and that the assignee be directed to proceed with the administration of the insolvent estate, and be ordered to file in court the claims filed with it against the said insolvent estate, and be ordered to report upon said claims.

On November 13, 1897, the assignee, the Chicago Title and Trust Company, and Isaac Goldberg, each entered their special appearance for the purpose of objecting to the jurisdiction of the court to entertain the said petition of Marshall Field and others, and asking that the said petition be dismissed for want of jurisdiction, upon the ground that the term, at which the order of discontinuance was entered, had passed.

On January 17, 1898, the county court dismissed the petition upon the ground that the term of court, at which the order of discontinuance was entered, had passed before the petition was filed; and that the court had thereby lost jurisdiction of the matter.

Harlow N. Higinbotham, one of the petitioners, took an appeal from the order of the county court, dismissing the petition, to the Appellate Court, and the Appellate Court affirmed the order of the county court. The present appeal is prosecuted from such judgment of affirmance.

CLARKE & CLARKE, for appellant.

SMOOT & EYER, and WHITNEY & UPTON, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The deed of assignment in this case was filed on October 13, 1896. The order, discontinuing the assignment proceedings, was entered December 1, 1896, forty-nine days after the assignment was filed.

The first question is, whether the county court, under the Voluntary Assignment act and the amendment thereto passed in 1879, has the power to enter an order discontinuing the assignment proceedings before the expiration of the three months, during which creditors are required by the act to file their claims.

This question was suggested, but not passed upon, in *American Exchange Bank* v. *Walker*, 164 Ill. 135, where we said (p. 139): "The statute gave him (the creditor) three months in which to file his claim. The estate of the insolvent had been taken into the custody of the law for the benefit of all creditors, who should file their claims within that time, and there was no priority or advantage to be gained by the first in point of time. The order of discontinuance was entered before the expiration of the time for filing claims. While appellee still had a right to file his claim and participate in the assets so held in trust for all such creditors, the transaction had been completed, the trust fund had been removed from the custody of the court, and the assignee discharged. * * * Whether or not an order of discontinuance could be lawfully entered within the three months need not be considered. If it could, appellee as a creditor, with the right to file his claim, must be counted in calculating the number and amount of creditors assenting. As he must be counted in a discontinuance, he had an interest in it, and a right of objection to it, which he may protect against a fraudulent or unauthorized discontinuance." Here, the appellant, as one of the petitioning creditors, filed his claim within the three months allowed by law for filing

claims.   He, therefore, had an interest in the discontinuance, and a right of objection to it.

Section 15 of the Assignment Act was an act passed on May 31, 1879, and was entitled "An act to amend an act entitled an act concerning voluntary assignments," etc.   The said section 15 provides, that "all proceedings under the act, of which this is amendatory, may be discontinued upon the assent, in writing, of such debtor, and a majority of his creditors in number and amount; and in such case all parties shall be remitted to the same rights and duties existing at the date of the assignment, except so far as such estate shall have already been administered and disposed of; and the court shall have power to make all needful orders to carry the foregoing provision into effect."   (2 Starr & Cur. Stat.—2d ed.—p. 2197). As section 15 was an amendment to the whole of the Assignment Act, it uses the words, "his creditors in number and amount," as such words were used in the provisions of the act, to which the amendment was made. Therefore, the "creditors in number and amount," a majority of whom have the power to assent to the discontinuance, are such creditors as are defined in the prior sections of the act.

Section 2 of the act provides, that the assignee shall forthwith give notice of the assignment by publication for six weeks, and send a notice thereof by mail to each creditor, "notifying the creditors to present their claims under oath or affirmation to him within three months therefrom."   Section 4 of the act provides "that at the expiration of three months from the time of first publishing notice as before provided, the assignee or assignees shall report and file with the clerk of the county court, as aforesaid, a true and full list, under oath or affirmation, of all such creditors of the assignor or assignors, as shall have claimed to be such, with a true statement of their respective claims," etc.   It is manifest, that the creditors, who are interested in the assignment proceed-

ings, and who, therefore, have a right to assent to the discontinuance thereof, are such creditors as have filed their claims within the three months specified in the statute, and whose number and amount have been reported by the assignee at the expiration of said period of three months. The statute provides the mode of ascertaining who are creditors, and what are the amounts of their claims respectively. Such mode is the giving of notice and the filing of claims with the assignee in pursuance of such notice, and the reporting of such claims by the assignee in the manner above specified.

It is conceded by counsel for appellees in the present case, and it also appears from the recitals in the order of discontinuance, that the court relied upon the testimony of the assignor and debtor, Isaac Goldberg, as to what and how many creditors he had, and as to what were the amounts of the claims of such creditors. Such mode of ascertaining the number and amount of the creditors is not prescribed by the statute. Long before the three months fixed by the statute for the filing of claims had passed, the court permitted the assignor to testify as to the number and amount of his creditors, and based its order of discontinuance upon such testimony alone. It is an unsafe practice to permit the debtor himself thus to establish the facts necessary to a discontinuance of the assignment proceedings against him. So far as we are able to ascertain from this record, it does not appear whether or not any of the creditors, signing the stipulation for a discontinuance and the assent thereto, filed their claims within the statutory period of three months.

The county court cannot judicially know, that the majority in number and amount of the creditors have consented to a discontinuance, until three months have passed, and the claims are brought into court by the report of the assignee. Hence, the court had no power to enter the order of discontinuance before the three months had elapsed.

In *Howe* v. *Warren*, 154 Ill. 227, referring to said section 15, we said: "By this section, the legislature has made the assignment, in effect, revocable by the assent of a majority, in number and amount, of the creditors who may have proved their claims in accordance with the provisions of the statute." Again, in *Levy* v. *Chicago Nat. Bank*, 158 Ill. 88, we said: "The case of *Howe* v. *Warren*, 154 Ill. 227, holds that, under section 15 of the Assignment Act, the assignment may be revoked by the assent of a majority in number and amount of the creditors, who may have proved their claims in accordance with the provisions of the act," etc.

If a majority in number and amount of the creditors, who are authorized to assent to the discontinuance, must be a majority of such creditors, as have proved their claims in accordance with the provisions of the act, then the order of discontinuance cannot be entered, until after the lapse of the three months, because, until then, it can not be certainly known who the creditors are, or who constitute a majority thereof in number and amount. In *Levy* v. *Chicago Nat. Bank, supra,* it was held, that the revocable interest of each creditor in the assigned estate only vests in him when he' signifies his assent to the assignment by filing his claim with the assignee, and that it is the amount of his claim at that date, which should be taken as the basis of representation in paying dividends.

In *Union Nat. Bank* v. *Doane*, 140 Ill. 193, it was held, that the county court had no power whatever to make an order for the distribution of the insolvent estate before the expiration of the three months provided for in the act, and that an order, providing for the distribution of the assets of the insolvent before the expiration of the three months, was a nullity. We see no reason why the same principle, which applies to the distribution of assets in insolvent estates, or to the settlement of estates of deceased persons, should not also apply to the discontinuance provided for by said section 15.

The Assignment Act is a statutory proceeding, and the procedure there prescribed must be strictly pursued. We are, therefore, of the opinion, that the entry of the order of discontinuance on December 1, 1896, was premature, and that it was a nullity and absolutely void.

It is said, however, that, when the petition herein for the setting aside of the order of discontinuance was filed, the term, at which that order was entered, had passed, and that, therefore, the county court had no jurisdiction to set aside the order. Inasmuch as the order was a nullity, the proceedings stand as though no such order was made, and they are entirely within the control of the county court, even though the term, at which the order was entered, had passed. The order being a nullity, the court had power to direct the assignee to proceed with the administration of the insolvent estate the same as if no such order had been entered.

In *Union Nat. Bank* v. *Doane, supra*, where it was held that an order for the distribution of the estate before the expiration of the three months provided for in the act was a nullity, we had no difficulty in holding that the county court might set such order aside at a subsequent term. In the *Doane case* we said: "The order being a nullity, had the county court the right to change or modify it? * * * The order being a nullity, the court might properly change or set it aside at any time before a final closing up of the insolvent estate was ordered."

Our conclusion is, that the court had power, at the time when the petition in this case was filed, to set aside the void order of discontinuance, which had theretofore been entered.

Accordingly, the judgment of the Appellate Court and the order of the county court are reversed, and the cause is remanded to the county court with instructions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*