## Manufacturers' Paper Co. et al. v. Royal Trust Co. et al.

1.  VOLUNTARY ASSIGNMENTS—*Creditors Who Are Required to Give Their Consent to a Discontinuance of the Proceedings, Defined.*—Under the statute relating to voluntary assignments, creditors of the insolvent, a majority of whom in number and amount are required to give their assent as a condition precedent to a discontinuance of the assignment proceedings, are those who file their claims within three months from the publication of the notice by the assignee, and a list of whom is reported by him and filed with the county clerk at the end of the three months.

2.  SAME—*Order of Discontinuance, When a Nullity.*—The court can not judicially know that the majority in number and amount of the creditors of an insolvent have consented to a discontinuance before the three months have elapsed and an order of discontinuance entered before the three months have elapsed is not only premature but a nullity and void.

**Proceedings Under the Act Relating to Voluntary Assignments.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1900.   Reversed and remanded.   Opinion filed November 1, 1901.

**Statement.**—Appellants filed, January 6, 1900, a petition in the matter of Robert Lindblom, insolvent, representing that they were creditors of said Lindblom, at the date, May 9, 1898, when a voluntary assignment of the latter to the Royal Trust Company, appellee, was filed in the County Court; that on the 12th day of July, 1898, said assignee

filed in said court petitions of certain creditors, and of the insolvent, for discontinuance of the assignment proceedings, and that an order was the same day entered, finding that the insolvent was entitled to have the proceedings dismissed, and directing the assignee to turn over to said insolvent the assets of said estate remaining in its hands, and thereupon stand discharged of and from all further liability in respect of said estate. The petitioners allege that said order of discontinuance was a nullity and absolutely void, and pray that it may be set aside, and the assignee directed to proceed with the administration of the insolvent estate. The assignee has entered its special appearance for the purpose of contesting the jurisdiction of the court to grant the relief prayed for, and upon hearing, the County Court dismissed the original amended petitions; from that order this appeal is prosecuted.

DEFREES, BRACE & RITTER, attorneys for appellants.

HAMLINE, SCOTT & LORD, attorneys for Royal Trust Co., appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It appears that the assignment was made May 9, 1898. The assignment act provides (Sec. 2, Chap. 10, R. S.) that the assignee shall give notice of the assignment by publication, and shall also send notice by mail to each creditor of whom he shall be informed. This publication in the case before us was made May 21, 1898. Section 10 of the same act provides that "Creditors who shall not exhibit his or her or their claims within the term of three months from the publication" of such notice "shall not participate in the dividends until after the payment in full of all claims presented within said term allowed by the County Court." The order of discontinuance complained of, was entered July 12, 1898, less than two months from the publication of notice, and before the expiration of the time allowed by statute within which creditors could appear. The statute

(Sec. 15) provides for discontinuance of the assignment proceedings, "upon the consent in writing of such debtor, and a majority of his creditors in number and amount." But the creditors, the majority of whom in number and amount are required to give their assent as a condition precedent to such discontinuance, are those who file their claims within three months from the publication of notice, and a list of whom is so reported by the assignee and filed with the county clerk at the end of the three months. Until that time as said in Higginbotham v. Title & Trust Co., 182 Ill. 68–73, the County Court could not "judicially know that the majority in number and amount of the creditors" had consented to a discontinuance, and the court had therefore "no power to enter the order of discontinuance before the three months had elapsed." The order of July 12, 1898, was therefore not only premature, "it was a nullity and absolutely void," and being without any force or effect whatever, the assignment proceedings must be deemed still pending in the County Court in the same manner and to the same extent as if the order of discontinuance had not been entered, and the County Court had power to set aside such order at any time, even at a subsequent term. Higginbotham v. Title and Trust Company, *supra* (p. 75).

But it is urged by counsel for the assignee, that the petition on its face did not entitle the petitioners to require the court to set aside the void order of July 12th, because it does not show that they filed any claims with the assignee during the three months allowed for the purpose, either before or after the entry of the order of discontinuance. The petition, however, does present upon its face facts showing the invalidity of the order, and it also states that petitioners were and are creditors of the insolvent, and that upon the entry of said order, the assignee ceased to perform the duties and exercise the functions of assignee. The question is not as to whether the petitioners will be entitled to participate in dividends until after the payment in full of all those whose claims were filed within the three months. That question is not now before us. Assuming that it may

hereafter appear that appellants are not entitled to par-ticipate in dividends in the first instance, the court can not, as yet, judicially know that there are not sufficient assets to pay the creditors who exhibited their claims within the three months in full, and leave assets in which remaining creditors will be entitled to share.

We are of opinion that the petition was improperly dis-missed and the order of the County Court is therefore reversed and the cause remanded.