## JOHN C. JONES *et al.*

*v.*

## JOHN W. NEELY.

1. CHANCERY JURISDICTION—*judgment without service or appearance.* Where a bill in chancery shows the taking of judgment against the complainant for a much larger sum than was due, in an action at law, without service of process, or appearance in person, or by attorney, and without any knowledge by the complainant of the suit, a court of equity will grant relief against the judgment, where the rights of innocent purchasers have not intervened.

2. RETURN—*right to contradict return of service.* Where rights of third persons have been acquired in good faith, the return of an officer showing the service of summons can not be contradicted; but as against the judgment creditor, and parties acquiring rights under him with notice of the facts, the return is not conclusive, but may be contradicted.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. THOMAS G. ALLEN, and Mr. LEVI DAVIS, Jr., for the plaintiffs in error.

Mr. WILLIAM HARTZELL, and Mr. J. PERRY JOHNSON, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

That equity has jurisdiction to administer relief in a case like the one at bar, is settled by the decision in *Owens* v. *Ranstead*, 22 Ill. 161.

It is distinctly averred in the bill, that the judgment against complainant, recovered by defendant Bilderback, at law, was fraudulent, was obtained in a cause in which he was not served with process, nor was there any appearance in person or by attorney; that he was not only not served with process in the action, but he had no knowledge whatever any proceeding was pending against him, and that he was not indebted to plaintiff in anything like the amount of the judgment.

Admitting these allegations to be true, as the demurrer does, they make a clear case for equitable relief. On the authority of *Owens* v. *Ranstead*, there can be no doubt complainant is entitled to relief as against Bilderback. Equity will not permit defendant to have the benefit of a judgment which he himself admits, on the record, was a fraud on the rights of defendant in the action, that was knowingly taken for a sum more than four times greater than any sum due him, and that was recovered in an action in which defendant neither appeared in person or by counsel, nor was he served with process.

This case can not be assimilated to that of *Rivard* v. *Gardner*, 39 Ill. 125. In that case the rights of a third party had intervened, and it was there declared, upon a full discussion of the conflicting decisions, the rule forbidding the return of the officer upon the summons to be contradicted as against third parties rests upon the sounder reason. That case, however, proceeds upon the principle such rights were acquired in good faith, relying upon the conclusiveness of the judicial sentence under which the purchase was made. Not so in this case. At the sale of complainant's property, the execution creditor himself became the purchaser. Jones admits he took an assignment of the sheriff's certificate with the knowledge the judgment was a fraud upon the rights of complainant, and it was recovered in a suit in which he neither appeared in

person or by attorney, nor was he served with process. His position is not better than that of the execution creditor. Like him he stands chargeable with notice of all defects in the record. He is in no sense an innocent purchaser, on the faith of a judicial decree. The judgment was void for want of jurisdiction of the person of defendant, and it is admitted Jones had notice of this fact before he bought the sheriff's certificate of the execution creditor. Occupying the shoes of plaintiff, he is entitled to no other protection than he would be.

The decree is right, and must be affirmed.

*Decree affirmed.*