## Ellen M. Kline v. Ted M. Kline.

1. STATUTES—*Sec. 11, Ch. 22, R. S.*—Sec. 11, Ch. 22, R. S., providing that " service of summons shall be made by  *  *  *  leaving such copy at defendant's usual place of abode with some person of the family, of the age of ten years or upwards, and informing such person of the contents thereof," is not satisfied by leaving it at the defendant's former place of residence, notwithstanding it is immediately forwarded to her.

2. SAME—*Sec. 8, Ch. 40, R. S.*—Sec. 8, Ch. 40, R. S., providing that if the bill is taken as confessed, the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce unless the judge is satisfied that the cause of divorce has been fully proved by reliable witnesses, changes the chan-

cery practice as to the effect of taking a bill as confessed in a case for divorce. It also requires the cause of divorce shall be proved by more than one witness.

Divorce.—Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding   Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed November 28, 1902.

S. W. McCASLIN, attorney for plaintiff in error; EUGENE CLIFFORD, of counsel.

HENRY C. GEETING, attorney for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action for divorce brought by defendant in error on the ground of extreme and repeated cruelty. The plaintiff in error was defaulted, and the cause was heard by the learned chancellor without her appearance or her answer. After the decree was entered plaintiff in error asked leave to file a bill of review in this cause, which motion was denied.

The evidence shows that at the time of the alleged service of the summons plaintiff in error was working at 745 Homan avenue, Chicago. Before she and her husband separated they lived at 335 Avondale avenue, in this city. This latter number was the home of John Witherspoon and his wife, Anna. The Klines did not live with the Witherspoons. They rented from them. The return of the sheriff is as follows:

" Served this writ on the within-named defendant, Ellen M. Kline, by leaving a copy thereof for her at her usual place of abode, with Anna Witherspoon, a member of her family, a person of the age of ten years and upwards, at the same time informing her of the contents thereof, this 27th day of February, A. D. 1901."

Anna Witherspoon had never been a member of the Kline family. Upon the delivery of the summons to her at 335 Avondale avenue, she carried it over to 745 Homan avenue and there gave it to the plaintiff in error.

Section 11, Ch. 22, Chancery, provides:

"Service of summons shall be made by * * * leaving such copy at his usual place of abode with some person of the family, of the age of ten years or upwards, and informing such person of the contents thereof."

It is not for us to make laws. It is our duty to accept them as we find them, and to enforce them as they are written. We can not disregard the plain language of a statute.

When the sheriff certified that he left a copy of this summons at the usual place of abode of the plaintiff in error, with a person of her family, he was mistaken as to the facts. The Anna Witherspoon with whom he left such copy, was not then, and never had been, "a person of the family" of the plaintiff in error. The statute concerning service was not followed, and the attempted service was a nullity. Plaintiff in error was not bound to appear in answer thereto, under penalty of default if she failed to so do. It is true that Mrs. Witherspoon, immediately after she received the copy, hunted up the plaintiff in error and gave to her the paper. But this did not constitute service. If the sheriff had placed this copy in the hands of a messenger boy with instructions to deliver it to the plaintiff in error, no one would contend that the handing to her of such copy by that boy would be legal service. The delivery of this copy by Mrs. Witherspoon to plaintiff in error does not differ in principle from the illustration.

Section 8, Ch. 40, Divorce, provides :

"If the bill is taken as confessed, the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce unless the judge is satisfied that the cause of divorce has been fully proved by reliable witnesses."

This section changes the chancery practice as to the effect of taking a bill as confessed in a case for divorce. It also requires that the cause of divorce shall be proved by more than one witness.

The cause of divorce set up in the bill is "extreme and repeated cruelty." It does not require the citation of authorities to sustain the proposition that one act of cruelty,

no matter how "extreme," is not "repeated cruelty." In other words, in order to sustain a decree for divorce based upon this clause of Sec. 1, Ch. 40, the evidence of more than one witness must establish more than one act of extreme cruelty.

Applying these principles to the evidence in this case, it is plain that it is insufficient to support the decree. It is true that defendant in error testifies to several instances of extreme cruelty, but he is not corroborated as to any one of them. The only witness called to support his case upon "the cause of divorce" is Mrs. Anna Witherspoon. She testifies to nothing of her personal knowledge, but recites what her husband, or defendant in error (it is not clear as to which she refers), told her as to only one act of cruelty.

The decree of the Superior Court is reversed and the cause is remanded.