FRANCES A. WRIGHT *et al.*

*v.*

IDA SIMPSON.

*Opinion filed December 16, 1902.*

1. JUDGMENTS AND DECREES—*an order of probate court obtained by fraud may be set aside at later term.* An order of the probate court obtained by fraud upon and without notice to an interested party may be set aside upon petition at a subsequent term.

2. SAME—*when party is entitled to have order admitting will to probate set aside.* If the parties petitioning for the probate of a will knowingly and intentionally omit the name of one of the heirs-at-law, so that she has no notice of the order admitting the will to probate until too late to take an appeal, she may, under an allegation that if she had had notice she could have made a good defense to the petition for probate, maintain a petition at a subsequent term to have the order of probate set aside, notwithstanding she has filed a bill in chancery to contest the will and its probate.

APPEAL from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

This is a petition, filed on May 9, 1901, in the county court of McDonough county by the appellee, Ida Simpson, against the appellants Frances A. Wright, Willis P. Wright, Carley E. Wright, Angie R. Hickman, and Sadie B. Wright, praying that an order, entered by that court on May 1, 1900, probating the last will and testament of Thomas R. Wright, deceased, be set aside; and that a time and place might be fixed when and where the question of the probate of said will might be heard; and that due notice thereof might be given to all the heirs of Thomas R. Wright, as by statute provided. The appellants filed a demurrer to the petition. No evidence was heard, but by stipulation it was agreed that, upon the hearing of the cause upon petition and demurrer, there should be considered without objection the matter of jurisdiction, and the fact that, on May 1, 1901, appellee filed her bill in chancery in the circuit court of McDonough county to set aside said will. The county court

overruled the demurrer of appellants, and set aside the order probating the will, and revoked the letters testamentary, issued to the appellants Frances A. Wright, Willis P. Wright and Carley E. Wright, as executors of the will, and ordered that the respondents below should pay the costs, and, in default thereof, that execution should issue.

Upon appeal to the circuit court from this order of the county court, the circuit court overruled the demurrer of appellants; and, the appellants abiding by their demurrer, judgment was rendered against them in favor of appellee awarding costs and execution therefor. The present appeal is prosecuted from such judgment of the circuit court.

The facts alleged in the petition, filed on May 9, 1901, are substantially as follows:

The petition states that appellee, Ida Simpson, is a daughter and heir of Thomas R. Wright, late of McDonough county; that he died on or about March 25, 1900; that, on April 9, 1900, an instrument in writing, purporting to be his will, was filed in the office of the county clerk of said county, and upon the same day, to-wit, April 9, 1900, a petition was filed in said court for the probate of said will by the appellants Frances A., Willis P., and Carley E. Wright. The petition for the probate of the will, so filed on April 9, 1900, alleges that Thomas R. Wright died in Arkansas on March 25, 1900, leaving a will and codicil thereto duly signed; that said will is subscribed by James H. Grigsby, S. C. Barlow and Frank W. Brooks as witnesses; that therein said Frances A., Willis P. and Carley E. Wright are named as executors and are willing to accept the office and trust confided to them; that Thomas R. Wright died seized of real estate valued at about $70,000.00, and personal property estimated to be worth about $12,000.00; that he left him surviving Frances A. Wright, his widow, and the following named persons, as his only heirs-at-law and legatees,

and that their respective places of residence, so far as known, are as follows: Frances A. Wright, widow, Willis P. Wright, son, Carley E. Wright, son, Sadie B. Wright, daughter, Blandinsville, Illinois; and Angie R. Hickman, daughter, Sciota, Illinois. The petition then prayed that the subscribing witnesses be summoned to appear, and that probate be granted, and the will ordered for record, and that letters testamentary be issued to said executors.

The petition, filed by the appellee on May 9, 1901, after thus setting forth the contents of the petition filed for the probate of the will on April 9, 1900, sets forth that, at the latter date, appellee was not a resident of Illinois, and had no notice of the time and place when and where it was proposed to present said will for probate; that her name was not inserted in the petition for the probate of the will; that the said Willis P., Carley E. and Frances A. Wright, who signed said petition and verified the same with their affidavit, then and there well knew that appellee was a daughter and heir of Thomas R. Wright, deceased; and the petition charges the fact to be, that they knowingly and designedly left appellee's name out of the petition, in order that she might have no notice of the time and place when and where it was proposed to present the same for probate. The petition of May 9, 1901, also avers that the clerk of the county court only mailed notices of the time and place, when and where it was proposed to present the will for probate, to the persons named in the petition, and did not mail any notice of such time and place to the petitioner, appellee; that said instrument was not, to the best of appellee's knowledge and belief, the last will of Thomas R. Wright, deceased; that appellee verily believes that, if she had had notice of the time and place when and where the same was to be presented for probate, she could have made a good defense to the petition asking for the probate thereof; that the said instrument in writing was admitted to probate by said county court on May 1, 1900, without a

contest; and that appellee did not learn of the fact of such probate, until it was too late to take an appeal from said order.

CHARLES J. SCOFIELD, and CLARENCE S. TOWNLEY, for appellants.

SWITZER & MELOAN, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The petition, filed in this case on May 9, 1901, for the purpose of setting aside the probate of the will of Thomas R. Wright, deceased, was specially demurred to, upon the alleged ground that the county court had no jurisdiction to entertain such petition, or to set aside the probate of the will, but was only clothed with jurisdiction to hear and determine the application for probate; and that the only way to avoid the effect of the order of the probate court, entered on May 1, 1900, admitting the will to probate, was to pursue the remedies, prescribed by the statute for that purpose; that is to say, that appeals may be taken from the order of the county court, allowing any will to be probated, to the circuit court of the same county by any person interested in such will in the same time and manner, as appeals may be taken from justices of the peace, except that the appeal bond and security may be approved by the clerk of the county court; and that, if any person interested shall, within two years after the probate of any such will in the county court, appear and by bill in chancery contest the validity of the same, an issue at law shall be made up, whether the will produced be the will of the testator or not. In other words, it is insisted by the appellants that, if the probate of the will by the county court was wrong, the only remedy of the appellee was by appeal to the circuit court within twenty days from the date of the probate

thereof, or by filing a bill in chancery under section 7 of the act in regard to wills.

On June 3, 1897, the legislature passed an act in relation to the probate of wills, which went into force on July 1, 1897, and provides "that, before any will shall be admitted to probate, the person, desiring to have the same probated, shall file a petition in the probate court of the proper county, asking that said will be admitted to probate, which petition shall state the time and place of the death of the testator and the place of his residence at the time of his death, also the names of all the heirs-at-law and the legatees, with the place of residence of each, when known, and when unknown the petition shall so state, and the said petition shall be verified by the affidavit of the petitioner. And thereupon the clerk of said county court shall send by mail to each of said parties a copy of said petition within five days after the filing thereof, and not less than twenty days prior to the hearing on said petition. And in case the post-office address of any of said parties is not shown by the said petition, then publication shall be made for at least three weeks before the day set for the hearing in a newspaper of general circulation published in the county where said will is to be offered for probate, which publication notice shall contain the name of the testator, the heirs-at-law and legatees, when known, the time and place where said will is to be offered for probate: *Provided*, that, in case such a petition is not filed and a will has been deposited in said county court for the space of ten days, then it shall be the duty of the county court to proceed to probate said will without petition being filed, but only after having caused publication and notice of the intention to probate said will to be given to the parties in interest as to the court may seem proper." (Sess. Laws of Ill. of 1897, p. 304).

The demurrer filed to the petition admitted the truth of the allegations in the petition. It appears from the

petition that the appellee, Ida Simpson, was the daughter of Thomas R. Wright, deceased, and one of five heirs, subject to the widow's rights, to an estate estimated by the petition to be worth $82,000.00 in realty and personalty. The petition alleges that the three appellants, Frances A., Willis P. and Carley E. Wright, who asked for the probate of the will, well knew that appellee was such daughter and heir of Thomas R. Wright, deceased. The statute of 1897 requires the petition to state "the names of all the heirs-at-law and the legatees, with the place of residence of each, when known." It being admitted by the filing of the demurrer, that appellee was an heir, and that the petitioners for probate knew that fact, they acted in express violation of the statute, because they did not mention her at all in the petition for probate. It is also admitted by the filing of the demurrer, that the appellants, who petitioned for the probate of the will, knowingly and designedly left the appellee's name out of the petition, in order that she should have no notice of the time and place when and where it was proposed to present the will for probate. Here was an admitted fraud against the rights of the appellee. The allegation also of the petition, that she received no notice of the time and place when and where it was proposed to present the will for probate, is admitted by the demurrer to be true. By the terms of the statute, a copy of the petition should have been sent by mail to the appellee, but this was not done. If her address was not known, it should have been so stated in the petition, and publication should have been made, as required by the statute. None of these provisions of the statute were complied with.

Appellee could not have taken an appeal to the circuit court under section 14 of the act in regard to wills, because it is averred in her petition, and admitted to be true, that she did not learn of the fact of the probate, until it was too late to take an appeal from the order

probating the will, that is to say, until after the period of twenty days, prescribed by the statute for the taking of the appeal, had passed. So far as the filing of a bill in chancery is concerned, it is conceded that such a bill was filed on May 1, 1901, within two years after the probate of the will.

It is claimed by the appellants, that the appellee's petition to set aside the probate of the will, filed in the county court on May 9, 1901, was filed at a term subsequent to that, at which the order admitting the will to probate was entered, and that, therefore, the county court had no jurisdiction to entertain the petition. The statute is imperative in its requirement that all of the heirs of the deceased, if known, shall be mentioned in the petition, and shall receive notice by mail, or, if unknown, by publication. Inasmuch as appellee was not mentioned in the petition, and no notice of any kind was given to her, the court was without jurisdiction over her. In addition to this, the failure to mention her name in the petition, and the withholding of notice from her, were fraudulent acts on the part of the petitioning appellants, and the order of probate was obtained in consequence of such fraudulent acts.

In view of the absence of jurisdiction and the perpetration of fraud in the obtaining of the order of probate, such order could be set aside and vacated on motion or by petition, and at a term subsequent to that, at which the order was entered. "The judgment or proceeding of a court without jurisdiction of the person or subject matter may be set aside and vacated on motion, and such a motion need not be made at the term at which the judgment was rendered; the proceedings, if void, may be set aside at any time." (12 Ency. of Pl. & Pr. p. 188; *Weatherbee* v. *Weatherbee*, 20 Wis. 500; *Crane* v. *Barry*, 47 Ga. 476; *In re College Street*, 11 R. I. 472; *Baskins* v. *Wylds*, 39 Ark. 347; *Franks* v. *Lockey*, 45 Vt. 395; *Ex parte Crenshaw*, 15 Pet. 119; *Harris* v. *Hardeman*, 14 How. 334).

Again, "courts of justice have power, on due proceedings had, to set aside or vacate their judgments and decrees, whenever it appears that an innocent party, without notice, has been aggrieved by a judgment or decree obtained against him without his knowledge, by the fraud of the other party. Nor is the principle limited in its operation to courts which proceed according to the course of the common law." In courts of probate the proper form of proceeding is by petition to vacate the former order, as having been obtained by fraud upon the party and imposition upon the court. (*Pease* v. *Roberts*, 16 Ill. App. 634). It is undoubtedly true that a decree or judgment, standing unreversed and in force, cannot be called in question or impeached in a collateral proceeding, but the filing of the petition here is not an attempt to avoid the effect of a judgment in a proceeding purely collateral. A judgment, obtained by fraud at a former term of the court, can be re-examined and set aside at a subsequent term of the court by the party aggrieved by the fraud. (*Edson* v. *Edson*, 108 Mass. 590). Upon proof of fraud or collusion in the procurement of a judgment such judgment may be vacated at any time. (Freeman on Judgments, sec. 99). As was said in *Pease* v. *Roberts*, *supra*, a court may "protect its own dignity and prevent itself from being made an instrument in the hands of a designing man to accomplish a wrong."

It is to be noted that, here, no rights of innocent third parties have intervened. (*Pease* v. *Roberts*, *supra*). Hence, no question as to the rights of such third parties arises upon the record.

Appellee was not precluded from filing her petition to set aside the order probating the will by the fact that, theretofore on May 1, 1901, she had filed a bill in chancery to set aside the probate of the will. "Concurrent and cumulative remedies are not forbidden." (8 Am. & Eng. Ency. of Law,—1st ed.—p. 549). The pendency of the bill in chancery to set aside the probate of the will

does not operate to abate this petition to the county court to set aside such probate. If the petition to set aside the probate fails, then the case begun by the filing of the bill in chancery may proceed. If, however, the proceeding by petition to set aside the probate of the will succeeds, the proceeding by bill in chancery is unnecessary. The proceeding by petition to set aside the probate is addressed to the county court, and has reference to the execution of the will, which is a matter for the determination of the court. The proceeding by bill in chancery is addressed to the circuit court, and requires, under the statute, the empaneling of a jury for the purpose of trying an issue of fact. The proceeding in the county court to set aside the probate of the will under the act of 1897 is to a large extent a proceeding *in rem,* while the proceeding by bill in chancery in the circuit court, calling for the intervention of a jury upon a question of fact, partakes of the nature of a proceeding *in personam.* It is well settled that proceedings *in rem* and *in personam* to collect the same demand, or to accomplish the same object, do not necessarily interfere, until satisfaction is obtained or the object secured in one of such proceedings. (8 Am. & Eng. Ency. of Law,—1st ed.— p. 549).

It is, moreover, a well settled principle of law that "in construing a remedial statute its language, so far as is consistent with a fair construction of the law, should be so interpreted as to promote and advance the remedy." (*McNulta* v. *Lockridge,* 137 Ill. 270). The act of 1897 above set forth is a remedial statute.

It is contended, on the part of the appellants, that appellee should have shown in her petition, that she had good grounds of defense against the probate of the will, and should have set up therein what such grounds of defense were. She alleges in her petition that, if she had had notice of the proceeding to probate the will, she could have made a good defense to the petition for such

probate. This allegation was sufficient, as the defense could only have related to the execution of the will in the manner required by the statute. It has been held, that a court of equity will not enjoin a judgment at law merely on the ground that the process in the suit, in which the judgment was rendered, was not served on the defendant, and that, to justify the interposition of a court of equity in such case, it must be further shown that, if the relief sought be granted, a different result will be obtained from that already adjudged by the void judgment. (*Colson* v. *Leitch*, 110 Ill. 504; *Hier* v. *Kaufman*, 134 id. 215; *Farwell* v. *Huston*, 151 id. 239). But this principle has generally been applied where a judgment has been entered by confession, and where the plaintiff therein has acquired, without any fraud on his part, a legal advantage, which he should be permitted to retain as a means of securing a just debt, and which a court of equity will not take away from him, in favor of a party, who comes into equity failing to deny, that he owes the money, and claiming only the right of being permitted to defend against a claim, to which he has no defense. Here, appellants acquired no legal advantage without fraud on their part. On the contrary, the admitted allegation of the petition is that they obtained the order, admitting the will to probate, by actual fraud.

Nor can it be said that the appellee has been guilty of *laches*. It appears from the allegations of the petition, which are admitted to be true, that she did not learn of the order of probate until after the 21st day of May, 1900, and her petition to set aside the probate was filed on the 9th day of May, 1901, within less than a year of the time of the probate.. We cannot say that here there was any such delay as constitutes *laches*. *Laches* has been defined to be "such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." (18 Am. &

200—5

Eng. Ency. of Law,—2d ed.—p. 97). It does not appear here that any circumstances exist, which have caused prejudice of any kind to the appellants.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*