## Gertrude Gail Wellington v. Cyrus Wellington.

### Gen. No. 13,444.

1. WRIT OF ERROR—*who may prosecute.* A party in whose favor a decree has been rendered may prosecute a writ of error to reverse the same where it was rendered without jurisdiction.

2. NOTARY PUBLIC—*what evidence of authority to administer oaths.* It is only where the notary certifies under his official seal that he has authority to administer oaths under the statute of the state under which he holds his commission, that such certificate is *prima facie* evidence that he has such statutory authority.

3. SERVICE OF PROCESS—*when, by copy of bill, insufficient.* Service by copy of bill is insufficient and does not establish jurisdiction where it appears that the affidavit of service was made before an officer who it does not appear was authorized to administer oaths in the place where the affidavit was made.

4. SERVICE OF PROCESS—*what essential to valid, by copy of bill.* In serving process by copy, the return of the officer must show a strict compliance with the statute in order to confer upon the court jurisdiction of the person upon whom the service purports to have been made.

5. SERVICE OF PROCESS—*what does not aid insufficiency of.* A recital of due service contained in a decree does not cure a defect of service appearing from the process papers contained in the record.

6. DIVORCE—*when desertion not established.* Desertion, as a ground for divorce, cannot be established by the uncorroborated testimony of the plaintiff alone.

Divorce. Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed December 6, 1907.

HECKMAN, ELSDON & SHAW, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error to review the proceedings in a suit for divorce instituted by plaintiff in error upon the ground of desertion. While the decree was in favor of the complainant, she seeks to set it aside, upon the ground that the Circuit Court had not acquired jurisdiction of the defendant in error when the decree was entered and such decree is therefore null and void. Hence it is urged the decree affords no protection to the complainant and might at any time within the statutory period be set aside by the defendant upon writ of error; that if complainant is entitled to a divorce she is entitled to a decree which is valid and effective.

If the decree was in fact entered by a court without jurisdiction, such irregularity entitles the complainant to have it set aside. In Hartman v. Ry. Co., 64 Ill. 24-26, it was held that the judgment in favor of the plaintiff was null and void, and the court said: "The case seems to fall within the principle of the cases decided by this court, that a plaintiff may bring the record here and rid himself of a judgment in his favor which, while it presents a bar to his obtaining a regular one, still affords him no security." To the same effect are Thayer v. Finley, 36 Ill. 262; Frost v. Howard, 81 Ill. 602; Williams v. Breitung, 216 Ill. 292.

Upon the question of jurisdiction it appears that no summons was served upon the defendant and there was no notice by publication. There is in the record what purports to be an affidavit of service of notice of the commencement of the suit, together with a copy of the bill of complaint served upon the defendant December 6, 1902, at his office in St. Paul, Minnesota. The affidavit appears to have been sworn to before "E. J. Cannon, Notary Public, Ramsey county, Minn.," whose notarial seal is attached, but there is no evidence in the record that said Cannon was an "officer authorized to administer oaths in the place where the

affidavit is made," as required by section 14 of the Chancery Act. In Trevor v. Colgate, 181 Ill. 129, it is said of a similar affidavit made in New York, that "No proof was produced as to the authority possessed by notaries public in the State of New York to administer oaths. The power to do so is not incidental to that office. If possessed it is by the force of an express enactment. Keefer v. Mason, 36 Ill. 406." It was held that the certificate of the notary under his official seal that he has administered the oath is not even *prima facie* proof that the notary had authority to administer oaths under the provisions of section 6, chapter 101, of our Revised Statutes entitled "Oaths and Affirmations," since the meaning of that section is that it is only where the notary certifies under his official seal that he has authority to administer oaths under the statute of the state under which he holds his commission, that such certificate shall be *prima facie* evidence that he has such statutory authority. It was held error to render any decree purporting to affect the interest in real estate of the parties thus served with a copy of the bill. See, also, Smith v. Lyons, 80 Ill. 600; Ferris v. Bank, 158 Ill. 237; Desnoyers Shoe Co. v. Bank, 188 Ill. 312; Bell v. Farwell, 189 Ill. 414.

The decree in the case before us was entered upon default of the defendant, who entered no appearance. Under such conditions the Circuit Court obtained no jurisdiction to enter any decree against him. In serving process by copy, the return of the officer must show a strict compliance with the statute in order to confer upon the court jurisdiction of the person upon whom the service purports to have been made (Pigott v. Snell, 59 Ill. 106-108), unless the defendant by appearance in the action has waived the defect in service and the original absence of jurisdiction. There is in the case at bar a recital in the decree that the defendant had due notice of the pendency of the suit by delivery of a copy of the bill according to the statute. In Law v. Grommes, 158 Ill. 492, it is held that the

recital in the judgment as to the service cannot cure a defective service where the judgment is directly attacked on that ground; and it was said that "whenever it affirmatively appears from the record brought up that the service is illegal or insufficient, and nothing appears to the contrary, the error is not cured by a mere recital of 'due service' on the presumption that there was another and different summons and return from that appearing in the record."

It is said further that the decree was not justified by the evidence. There is, we think, force in the contention. The finding that defendant has wilfully deserted and absented himself from the complainant for two years rests upon the testimony of the complainant alone, and is not "fully proven" by the other evidence. The divorce statute (chapter 40, section 8) provides that in no case of default shall a divorce be granted unless the judge is satisfied "that the cause of divorce has been fully proven by reliable witnesses." This requires "the evidence of more than one witness." Kline v. Kline, 104 Ill. App. 274.

The decree of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*