Arthur Sweet, Defendant in Error, v. Elsie Sweet, Plaintiff in Error.

Gen. No. 37,301.

546

Opinion filed November 27, 1934.

SOLOMON & BORDEN, for plaintiff in error.

BZDEK & BZDEK, for defendant in error; WALTER BZDEK, STEPHEN J. BZDEK and ALEXANDER J. NAPOLI, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This writ of error seeks to reverse certain orders of the superior court denying defendant Elsie Sweet's motions to vacate and set aside a default decree en-

tered June 27, 1933, granting her husband, Arthur Sweet, a divorce on the ground of adultery. Defend-, ant's motions were supported by verified petitions alleging lack of jurisdiction of the court to enter the decree.

Plaintiff filed his bill of complaint May 8, 1933, charging as his sole ground for divorce that defendant committed adultery May 4, 1933. The summons was returnable to the June, 1933 term, and was returned as having been personally served on defendant May 9, 1933, by Fred C. Heintz, deputy sheriff of Cook county. An order of default was entered June 22, 1933, for want of appearance and answer. The evidence was heard by the chancellor June 22, 1933, and the certificate of evidence was filed and the decree of divorce entered June 27, 1933.

Section 8, paragraph 9, Cahill's 1931 Revised Statutes of Illinois, ch. 40, is as follows:

"If the bill is taken as confessed, the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce, unless the judge is satisfied that all proper means have been taken to notify the defendant of the pendency of the suit, and that the cause of divorce has been fully proven by reliable witnesses. Whenever the judge is satisfied that the interests of the defendant require it, the court may order such additional notice as equity may seem to require."

Plaintiff testified in his own behalf as to facts and circumstances in support of his charge of adultery. The only other witnesses called by him were police officers Martin A. Sonnenschein and John Antone of Blue Island, Illinois, who not only did not corroborate plaintiff's testimony, but flatly contradicted it. It is suggested that the court believed that these witnesses testified falsely. As to the sufficiency of the evidence to support the decree, it matters not whether the court

believed the police officers or not. The fact remains that the decree of divorce was entered on the uncorroborated evidence of plaintiff alone.

In passing upon the above section of the Divorce Act in *Wellington v. Wellington,* 137 Ill. App. 394, 397, this court said:

"It is said further that the decree was not justified by the evidence. There is, we think, force in the contention. The finding that defendant has wilfully deserted and absented himself from the complainant for two years rests upon the testimony of the complainant alone, and is not 'fully proven' by the other evidence. The divorce statute (chapter 40, section 8) provides that in no case of default shall a divorce be granted unless the judge is satisfied 'that the cause of divorce has been fully proven by reliable witnesses.' This requires 'the evidence of more than one witness.' *Kline v. Kline,* 104 Ill. App. 274.''

No further citation of authorities is required in support of the well established rule that in case of default a divorce will not be granted unless the cause of divorce is "fully proven" by more than one witness. In our opinion the decree of divorce in this cause was illegally entered.

July 10, 1933, defendant filed her verified petition alleging *inter alia* that she had not been served with summons and that she had no notice of any kind of the divorce proceeding until July 6, 1933; that she did not commit adultery at the time and place alleged in plaintiff's bill of complaint nor at any time; that the court had never acquired jurisdiction over her; and that the decree was void for want of jurisdiction. The petition prayed that the decree be set aside; that defendant be given leave to appear and file her answer; and that she be granted leave to file a cross-bill and that plaintiff be ruled to answer same.

On the same day an order was entered which, after reciting that the court had heard the testimony of

Fred C. Heintz, deputy sheriff of Cook county, Elsie Sweet and H. C. Maddus, denied defendant's motion to vacate the decree of divorce.

July 27, 1933, by leave of court defendant filed another verified petition which alleged substantially the same facts as were alleged in the petition of July 10, 1933. It also alleged that on July 10, 1933, defendant presented a petition praying that the decree of divorce be vacated and set aside inasmuch as the court never had jurisdiction of her; that she had no knowledge when she filed said petition July 10, 1933, as to the time of day on May 9, 1933, nor at what place the deputy sheriff claimed to have served her with summons; that she moved that her petition of July 10, 1933, be set for hearing, but the court caused the hearing to be had immediately; that the deputy sheriff testified that he served the summons in this cause upon her at 12043 South Western avenue, between 6:45 p. m. and 7 p. m., while the defendant was preparing a meal in the kitchen at said address; that his testimony was the first information she had received as to the exact time and place of the purported service; that she testified that she was not served with the summons at that time nor at any other time; that H. C. Maddus, who happened to be in court with her at that time, testified that he was present in her home at 12043 South Western avenue, between 6:45 p. m. and 7 p. m., May 9, 1933, and that no summons was served upon her at that time; that she moved to that address on May 9, 1933, and that two men who moved her furniture were present on the premises from 6:20 p. m. until 8:30 p. m. on said date; that these two men would testify that she was not served with summons during that time and that the deputy sheriff was not present during the period from 6:20 p. m. until 8:30 p. m. May 9, 1933, at her home, 12043 South Western avenue; and that she did not have an opportunity to present the testimony of these two witnesses at the hearing on

July 10, 1933. This petition concluded with the prayer that the order of July 10, 1933, denying defendant's motion to vacate the decree of divorce be vacated and set aside; that the decree of divorce entered by default be vacated; that she be granted leave to appear and file her answer to plaintiff's bill of complaint; and that she be granted leave to file a cross-bill and plaintiff ruled to answer her cross-bill. This petition also contained a prayer that plaintiff be required to answer same and that the matter be set for hearing.

September 19, 1933, defendant moved the court for a rule on plaintiff to answer her petition of July 27, 1933, and that the petition and answer thereto be set for hearing. On the same day the court refused to order plaintiff to answer defendant's petition and denied her motion for a hearing, but entered an order which, after denying her motion to vacate the order entered July 10, 1933, and to vacate the default decree of divorce theretofore entered, dismissed her petition of July 27, 1933.

Defendant contends that plaintiff did not establish the adultery charged as a ground for his divorce by competent witnesses as required by the statute in default cases; that the decree of divorce could not be lawfully entered on the testimony of plaintiff alone, particularly when witnesses called by him not only did not corroborate but contradicted him; that the return of the sheriff can be contradicted and contested; that defendant should have been allowed an opportunity to present the testimony of all of her witnesses to prove, if she could, that she had not been served with summons; and that the decree of divorce was void, inasmuch as the court had no jurisdiction of defendant.

Plaintiff's theory is that he has proven adultery, the only alleged ground for divorce, by competent witnesses as required by statute; that the court, having once heard the testimony of defendant and denied her motion, should not again consider her petition to va-

cate the decree, regardless of the fact that she was not afforded an opportunity to present the testimony of all of her witnesses, which she asserts would show that the deputy sheriff neither was present nor served her with summons at the time and place testified to by him as to such service.

Defendant was entitled to her day in court and, in our opinion, was justified in filing her second petition July 27, 1933, in which she not only asked that the decree be vacated and that she be granted leave to file an answer and cross-bill, but prayed that plaintiff be ruled to answer her petition, and that the petition questioning the court's jurisdiction and the answer thereto be set down for hearing so that all of her witnesses might be permitted to testify.

We are mindful of the established rule of law that the return of an officer in due form cannot be impeached by the unsupported testimony of the party served with process. (*Duffy v. Frankenberg,* 144 Ill. App. 103; *Moore v. Robbins Machinery & Supply Co.,* 252 Ill. App. 24; *Marnik v. Cusack,* 317 Ill. 362.)

Yet, while there is some conflict in the authorities, it has frequently been held that where a defendant has not been served as required by law and has not entered his appearance the court has no jurisdiction over him, and in such a case where the court assumes jurisdiction and enters a decree against him, he may, even after the term at which the decree was entered, upon petition and clear proof that he was not served, have the decree or judgment set aside and be permitted to defend the case on its merits. *Zandstra v. Zandstra,* 226 Ill. App. 293; *Edson v. Edson,* 108 Mass. 590; 1 Freeman on Judgments (4th Ed.) secs. 96, 97, 98, 99, 100; *Feikert v. Wilson,* 38 Minn. 341; *Heffner v. Gunz,* 29 Minn. 108; *Covert v. Clark,* 23 Minn. 539; see also *Keeler v. People,* 160 Ill. 179; *City of Olney v. Harvey & Boyd,* 50 Ill. 453; *Kline v. Kline,* 104 Ill. App. 274.

Where the sheriff or other officer has made a false return, whether wrongfully and intentionally or innocently by mistake, relief may be granted by a court of equity or law, according to the circumstances, to the person injured by the false return. *Marnik v. Cusack, supra; Owens v. Manstead,* 22 Ill. 161; *Brown v. Brown,* 59 Ill. 315; *Hickey v. Stone,* 60 Ill. 458; *Sibert v. Thorp,* 77 Ill. 43; *Jones v. Neely,* 82 Ill. 71; *Kochman v. O'Neill,* 202 Ill. 110; *Hilt v. Heimberger,* 235 Ill. 235.

In its desire to prevent the entry of fraudulent divorce decrees our legislature, by its enactment of section 8 of the Divorce Act, Cahill's St. ch. 40, ¶ 9, conferred wide discretionary powers on the trial judge as to notice to the defendant of the pendency of the proceeding. To safeguard the rights of the defendant it declares that "in no case of default shall the court grant a divorce unless the judge is satisfied that all proper means have been taken to notify the defendant of the pendency of the suit"; and "whenever the judge is satisfied that the interests of the defendant require it, the court may order such additional notice as equity may seem to require." Both the letter and spirit of the Divorce Act deprecate the entry of default divorce decrees without due notice to the defendant as provided by law. It is not consonant with justice and equity to preclude a defendant wife charged with adultery from a hearing on her motion to vacate a default decree entered against her when she petitions the court that she is prepared to show by clear and satisfactory proof that she was not served with summons in the cause as provided by law, that she had no notice of the pendency of the suit, that she was diligent in presenting her petition to vacate and that she has a meritorious defense to the action.

The record discloses that the first knowledge defendant had as to the exact time and place the deputy

sheriff claimed to have served her personally with the summons was from his testimony July 10, 1933, and we are constrained to hold that the court erred in not granting her request for a continuance to permit her to produce her witnesses in contradiction of the deputy sheriff's claimed service of the summons.

The trial court dismissed her second petition without requiring plaintiff to answer same and without affording defendant an opportunity of having her witnesses heard, and we are further constrained to hold that leave was properly granted her to file her second petition on July 27, 1933, to vacate the decree, and that the chancellor erred in refusing to enter a rule on plaintiff to answer same, and in refusing to order a hearing on such petition and answer to determine whether her proof in contradiction of the return of personal service on her by the deputy sheriff was sufficiently clear and satisfactory to show that she was not, in fact, served and that the deputy sheriff had made a false return.

For the reasons indicated herein the cause is reversed and remanded to the superior court with directions to vacate the orders of July 10, 1933, and September 19, 1933, and with further directions to vacate the default decree of divorce entered June 27, 1933, and to permit defendant to appear and to file such pleadings as are deemed necessary.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and SCANLAN, J., concur.