Louis A. Hustana, Appellee, v. Ilse Margaret Hustana, Appellant.

Gen. No. 47,490.

First District, Third Division.

May 15, 1959.

Rehearing denied June 22, 1959.

Released for publication July 1, 1959.

Burke, James & Burke, of Chicago (Ernest A. Turk, of counsel) for defendant-appellant.

Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, of Chicago (David Levinson and Paul J. Miller, of counsel) for Louis A. Hustana.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Defendant appeals from an order dismissing her petition to vacate a divorce decree entered in the Superior Court on May 31, 1938. The petition was filed

in the same proceeding in which the decree was entered, and alleged that, although regular on its face, the affidavit of nonresidence which formed the jurisdictional basis of the 1938 decree was defective in that plaintiff, knowing defendant's correct address in Leipzig, Germany, where she then resided, fraudulently concealed that fact in executing the affidavit of nonresidence; that, as a consequence of the fraudulent concealment, the clerk of the court mailed notice of the publication to her at her then seven-year old and incorrect address in Chicago; that the notice never reached her; and that consequently she did not know of the pendency of the divorce suit, could not appear, could not defend, and could not ask for proper orders regarding alimony and support. In the interim between the entry of the decree and the filing of the petition, plaintiff had become a resident of California, and was notified by registered mail of the pendency of the petition, a copy of which was attached to the notice. He appeared specially to contest the jurisdiction of the court, and moved to dismiss the petition on the ground that the court had no jurisdiction of his person, setting forth various reasons therefor. His motion was sustained, and the petition dismissed.

The present section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110), which became effective January 1, 1956, first abolishes certain remedies theretofore available to attack orders, judgments, and decrees more than thirty days after their entry. Then it substitutes for the relief formerly to be had by those remedies a petition proceeding. It provides that such petition should be filed in the same proceeding not later than two years after the entry of the judgment or decree, and then, in subsection 7, it provides that "any existing right to relief from a void order" shall not be affected by the preceding paragraphs of section 72. It clearly left available to all litigants and all

61

courts the direct method, a proceeding by motion or petition in the original proceeding, to set aside a void order at any time. This is the relief to which subsection 7 refers.

On the same day that section 72 became effective, the Supreme Court of Illinois adopted rules to implement the requirements of that section. Rule 7–2 provides that notice of the filing of a petition for relief from a final decree after thirty days from the entry thereof shall be given by the same methods provided for the giving of notice of additional relief to parties in default; one of these is by prepaid registered mail addressed to the party, return receipt requested, delivery limited to addressee only. Rule 7–1 designates the several methods for giving notice of additional relief against parties in default.

It must be conceded at the outset that the petition of the wife to vacate the decree set forth facts which, if proved, would put plaintiff in the position of having practiced a fraud upon defendant and upon the court; if such fraud was practiced, the court did not have jurisdiction of the person of the wife at the time of the entry of the decree, and the decree would therefore be void. The precise question presented is whether a proper method was used to invoke the exercise of the court's power to vacate an allegedly void decree. From authorities later cited, it appears that there has always existed in Illinois the remedy, by petition or motion, to set aside a judgment or decree procured by fraud upon the court. Such a petition or motion could be filed in the original proceeding, and the utmost necessity, as far as notice was concerned, was the actual notice to the person who perpetrated the fraud. That practice was based upon the theory that such a decree was a nullity from its beginning.

This remedy was at all times coexistent with all the remedies that are abolished by paragraph 1 of section

72 of the Civil Practice Act as it is now amended; therefore, it was an existing remedy. Paragraph 7 of section 72 clearly refers to this remedy; to hold otherwise would render the paragraph a complete nullity. As an inherent part of the right of a court to set aside a decree where jurisdiction was obtained by fraud imposed upon the court, there was no limitation to that right in point of time; it could be done whenever the court was advised of the existence of fraud. This right was not limited to defects which appeared on the face of the record and could be ascertained by extrinsic evidence; in many cases it has been exercised by the filing of a petition or motion in the original proceeding, after term time, charging the existence of such facts as are alleged in the instant petition; a hearing was then had upon the motion or petition in the original proceeding, and the court thereupon exercised its jurisdiction to vacate or set aside the decree or judgment obtained by fraudulent representation relating to the jurisdiction of the court. To deny a court the right to set aside, at any time, a judgment or decree where it did not have jurisdiction of the parties because of a fraud perpetrated upon the court by one of the parties would be in complete derogation of its right to protect its integrity and the validity and sanctity of its decrees.

The law in Illinois relating to judgments void for want of jurisdiction caused by fraud is clearly set forth in 23 I.L.P. Judgments § 174 and § 175, as follows:

"§ 174.　——— Invalid Judgment

"A void judgment may be vacated on a motion made at any time.

"If a judgment is void a motion to vacate or expunge it is not affected by the passage of time, and the judgment may be set aside on motion made in the trial court at any time or court term after its entry.

"Thus, where a decree or judgment is void for want of jurisdiction of the person of the defendant, or where a court entering a judgment exceeds its jurisdiction, and the judgment or decree transcends the statute conferring jurisdiction on the court, the judgment or decree may be vacated or expunged on a motion made at any time.

"The doctrines of laches and estoppel do not apply to a motion to vacate a void judgment.

"§ 175. — — Judgments Obtained by Fraud

"A judgment obtained by fraud may be set aside on an application made at any time.

"The inherent power of courts to set aside or vacate a judgment obtained through fraud, deception, or collusion may be exercised on an application made at any time. So, where a judgment has been obtained through fraud, the judgment may be vacated, even after the expiration of the statutory period within which judgments may be set aside, but the fraud must be a fraud committed by one of the parties on the court, and not merely the perjury of a witness.

"Laches may bar relief but laches is not imputable to a party who had no knowledge of the judgment against him; it is only required of him to be diligent in seeking relief after he has notice of the judgment." (Footnotes omitted.)

 The rule was enunciated in the early case of Olney, City of v. Harvey, 50 Ill. 453, where a judgment, rendered in the cause, was found by the court to be a nullity inasmuch as it was rendered against the city council instead of against the city itself; it was held that it was not error for the court to set aside such void judgment at a subsequent term, the court not having lost its jurisdiction of the cause by reason of such void judgment being entered. In a later case, Wright v. Simpson, 200 Ill. 56, it was alleged that the parties petitioning for the probate of a

64

will knowingly and intentionally omitted the name of one of the heirs at law with the result that she had no notice of the order admitting the will to probate until too late to take an appeal. The court held that the aggrieved party could, under an allegation that if she had had notice she could have made a good defense to the petition for probate, maintain a petition at a subsequent term to have the order of probate set aside, notwithstanding that she had filed a bill in chancery to contest the will and its probate. "As was said in Pease v. Roberts, supra [16 Ill. App. 634]," the reviewing court stated, "a court may 'protect its own dignity and prevent itself from being made an instrument in the hands of a designing man to accomplish a wrong.'" In Thayer v. Village of Downers Grove, 369 Ill. 334, involving the confirmation of a special assessment, the reviewing court held that where the judgment was obtained by fraud, where the court was without jurisdiction to render the judgment, or where the court exceeded its jurisdiction and the judgment transcended the statute conferring jurisdiction, the judgment or decree was void and could be collaterally impeached or set aside on motion after the time for review by appeal had expired. "It is a rule well established," said the court, "that a void judgment or order may be vacated at any time and the doctrines of *laches* and estoppel do not apply. Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void." In Sweet v. Sweet, 277 Ill. App. 545, it was held that where a defendant has not been served with process as required by law and has not entered his appearance, the court has no jurisdiction over him, and where the court assumes jurisdiction and enters a decree against such defendant, the latter may, even after the

term at which the decree was entered, upon petition and clear proof that he was not served, have the decree set aside and be permitted to defend the case on its merits. The court there pertinently commented that both the letter and the spirit of the Divorce Act deprecated the entry of default divorce decrees without due notice to the defendants as provided by law. In Cummer v. Cummer, 283 Ill. App. 220, plaintiff was successful in prosecuting a petition to modify the terms of a default decree granted her five years earlier. Defendant, resident in France, appealed on the ground that he had not been properly served by service upon solicitors who had represented him in the divorce suit but who no longer had any connection with him. The reviewing court held that the trial court had failed to acquire jurisdiction of the defendant, and that under the circumstances a judgment could be set aside at a term subsequent to that at which it was entered. However great the lapse of time, the court stated, laches is not imputable to a party who had no knowledge of the judgment against him; laches is not mere lapse of time, but unreasonable delay under the circumstances, generally involving injustice or injury to the opposite party. In Howard v. Howard, 304 Ill. App. 637, a complaint for divorce and an entry of appearance were filed, and a decree granting divorce was entered on the same day. The reviewing court held that a motion to vacate filed more than sixty days after the entry of the decree was properly granted, where the evidence showed that the entry of appearance was forged and that neither party lived within the territorial jurisdiction of the court, as a decree entered without jurisdiction is void and may even be attacked collaterally. A court entering judgment against one not served with process in some mode authorized by law, and not appearing, has power to set said judgment aside either

66

at the same or a subsequent term. See also Higinbotham v. Chicago Title and Trust Co., 182 Ill. 68; Parker v. Macoy, 91 Ill. App. 313; Clark v. Daniel Hays Co., 215 Ill. App. 350; and Calbreath v. Beckwith, 260 Ill. App. 7.

 Other cases, in some of which the point under discussion was not necessary to the decision, contain extensive treatment of the question and support the rule that a decree or judgment obtained by fraud may be attacked after term by motion or petition. Chicago v. Nodeck, 202 Ill. 257; Des Plaines v. Boeckenhauer, 383 Ill. 475; Anderson v. Anderson, 292 Ill. App. 421; Sherman and Ellis, Inc. v. Journal of Commerce, 259 Ill. App. 453; and Zandstra v. Zandstra, 226 Ill. App. 293.

Both parties cite the recent case, In re Petition of Stern, 2 Ill.App.2d 311, which involved the statutory matter of adoption. It was there held that the *then* section 72, which related only to legal remedies, to which the former writ of *coram nobis* would apply, was not an exclusive remedy. The court also held that a motion to set aside a void judgment is based on the inherent power of the court to expunge from its records void acts, and is not a new proceeding requiring process, nor is it in any way affected by the passage of time. The lack of consent of the mother in that case was asserted by petition seven years after the decree of adoption had been given. It was held that this was jurisdictional, and that the objection had to be raised directly. Such a decree, the court said, was free from collateral attack. The jurisdiction which was raised there pertained to the jurisdiction to act on the particular matter. It was the jurisdictional fact of the consent of the mother which was questioned. We think this type of jurisdiction is distinguishable from the jurisdiction of the person or

subject matter, the lack of which renders the decree void.

■ Plaintiff's contention is that, even if the remedy exists and is saved by section 72 (7), he was not properly brought into court when he was served by registered mail and entered his special appearance. This assertion raises two questions: (1) does rule 7-2 of the Illinois Supreme Court, which provides for that type of service and speaks of "relief from a final order, judgment or decree after 30 days from the entry thereof," apply only to the petitions provided for in subsections 1, 2 and 3, which are substitutes for the abolished remedies, or (2) does it apply to the remedies referred to and saved by subsection 7? If it applies to these latter remedies, then there is no doubt that the service on plaintiff has been proper; if, on the other hand, this is a remedy inherent in the power of the court and rule 7-2 does not apply, then the customary method of service of notice of motion would apply. The rule provides for exactly the same method of service. In any event, we think the plaintiff was properly served with notice and is properly before the court. "It is, moreover, a well settled principle of law that 'in construing a remedial statute its language, so far as is consistent with a fair construction of the law, should be so interpreted as to promote and advance the remedy.' (McNulta v. Lockridge, 137 Ill. 270)." Wright v. Simpson, 200 Ill. 56.

It is suggested by plaintiff that the only remedy available to defendant is by bill of review. But this remedy was abolished by section 72 before the instant proceeding was instituted and left defendant only the right to proceed by petition. To hold that notice served on plaintiff by registered mail was not a proper method by which to invoke the exercise of the court's power to vacate an allegedly void decree would, in effect, leave defendant without any remedy and condone

68

plaintiff's ruse in making a false affidavit with respect to defendant's residence (if the allegations of her petition are ultimately found to be true) and operate to encourage fraud.

Accordingly, the order of the Superior Court of Cook County, entered December 30, 1957, is reversed, and the cause is remanded with directions to overrule plaintiff's motion to dismiss the petition, to enter a rule on plaintiff to answer the petition, and to conduct such further proceedings as are consistent with the views herein expressed.

Order reversed, and cause remanded with directions.

BRYANT, J., concurs.

BURKE, J., dissenting.

The plaintiff filed a "Special Appearance and Motion to Dismiss 'Petition to Vacate Decree.'" An appearance for any purpose other than to question the jurisdiction of the court or to show that defendant is not properly before the court is a general appearance. Where an appearance amounts to a general appearance it will constitute such whether or not it is in terms limited to a special purpose. Paragraph 1 of Section 20 of the Civil Practice Act [Ill. Rev. Stats. ch. 110] states: "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." This sentence adopts the doctrine that a special appearance must be for the sole purpose of urging jurisdictional objections, and that an appear-

ance for any additional purpose constitutes a waiver of any objection to jurisdiction of the person. Historical and Practice Notes by Albert E. Jenner, Jr., and Philip W. Tone. See Kelly v. Brown, 310 Ill. 319, 323; Brandt v. St. Paul Mercury Ind. Co., 285 Ill. App. 212; Greenberg v. Neiman, 320 Ill. App. 99.

One of the points urged in the so-called Special Appearance and Motion is that "under Section 72 of the Civil Practice Act the period within which such petition may be filed has elapsed." The appearance therefore is for the additional purpose of urging the limitation of two years, and constitutes a waiver of any objection to the jurisdiction of the person. An appearance confined to the question of the jurisdiction of the person of the plaintiff should ask that the return of service be quashed. The plaintiff, consistent with the procedure followed with a general appearance, sought dismissal of the petition to vacate the decree. The chancellor ordered that the motion to dismiss be granted and dismissed the petition. The chancellor considered all the points urged in the appearance and motion and necessarily decided that the petition was not filed within the time limited by Section 72. The parties and the chancellor recognized that the plaintiff appeared generally.

The chancellor had jurisdiction of the person of the plaintiff. We are therefore called upon to decide whether the chancellor erred in dismissing the petition. The defendant proceeds under Section 72 of the Practice Act. She sets forth ultimate facts which, if proved, would show that there was fraud in the procurement of the decree. Defendant relies on paragraph 7 of Section 72 which states that nothing contained in that section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief. She asserts that she is employing a method to procure relief which

70

existed prior to January 1, 1956. Plaintiff maintains that the petition is barred by the period of limitations imposed by Par. 3 of Sec. 72, and that on its face the petition shows that it was filed more than two years after the decree.

Paragraph 7 of Sec. 72 states the well-settled rule that a void judgment or decree is subject to collateral attack at any time. Toman v. Park Castles Apt. Bldg. Corp., 375 Ill. 293, 302. No limited appearance is required to raise the objection that the court has no jurisdiction of the subject matter. Kelly v. Brown, 310 Ill. 319, 323. The divorce decree in the case at bar is not a void decree. The court had jurisdiction of the subject matter. On the face of the record the decree was valid. Prior to the 1955 revision of the Civil Practice Act the remedy of the defendant would be by the filing of a bill of review to show fraud in the procurement of the decree. Chicago Building Society v. Haas, 111 Ill. 176. The petition in the instant case is properly brought under the first six paragraphs of Section 72 of the Practice Act and not under the seventh paragraph. The plaintiff was notified in accordance with Supreme Court Rule 7–1 (2) by prepaid registered mail addressed to him, return receipt requested, delivery limited to the addressee only. Paragraph 3 of Section 72 states that the petition must be filed not later than two years after the entry of the decree. The time during which the ground for relief is fraudulently concealed is excluded in computing the period of two years. The ground for relief is the fraud imposed upon the court by the statements in the affidavit of plaintiff filed on January 10, 1938, and the procuring of the decree based on the misrepresentations therein.

In my opinion the petition under Section 72 of the Civil Practice Act is barred by the period of limitation imposed by Paragraph 3 of that section. The pe-

71

tition was filed more than two years after the decree. She makes no attempt to excuse the filing of the petition within the two year period on the ground that she was under legal disability or duress or that the ground for relief was fraudulently concealed. In her brief she does not deny that her petition is barred by Section 72 (3) of the Practice Act. In her reply brief she asserts certain facts which "might help to explain the delay." The "facts" do not appear in her petition. The defendant's contention that her motion to have the "void divorce decree expunged from the record is not subject to any time limitation" is without merit because the decree which she attacks is not a void decree. She makes no attempt to excuse the long delay.

The order should be affirmed.