HAMLIN SMITH

*v.*

JOSEPH L. BOISVERT *et al.*

*Opinion filed December 18, 1899.*

1. ROADS AND BRIDGES—*whether party appealing to supervisors is interested is a matter of proof.* Whether one who appeals to the supervisors from the action of commissioners in refusing to lay out a road is a party interested, within the meaning of section 59 of the Road and Bridge act, is a matter of proof and not of pleading.

2. SAME—*when petition for appeal to supervisors is sufficient.* A petition to a justice of the peace for an appeal to the supervisors from the action of commissioners in refusing to lay out a road, which states that the petitioners feel themselves aggrieved, prays for an appeal and states the ground therefor, is sufficient to confer jurisdiction of the appeal on the supervisors.

3. WAIVER—*objections not urged below are waived if supervisors had jurisdiction of appeal.* Objections not urged in the proceeding for an appeal to the supervisors from an order of the commissioners refusing to lay out a road are waived if the supervisors had jurisdiction of the appeal.

APPEAL from the Circuit Court of Kankakee county; the Hon. R. W. HILSCHER, Judge, presiding.

W. H. SAVARY, for appellant.

W. J. BROCK, and H. K. WHEELER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant filed his petition against appellees for a common law writ of *certiorari.* The writ was duly issued but upon the hearing quashed. From that judgment this appeal is prosecuted.

The proceeding which the petitioner sought to have reviewed and annulled was for laying out a new road in the township of Rockwell, Kankakee county, a part of which is located on his land. The record brought up by the writ shows that the commissioners of highways, upon a proper petition duly filed, refused to lay out the road. This order was made and filed in the office of the town

clerk July 7, 1897. On the same day Thomas Canney and Charles E. Grimes filed their petition for an appeal to three supervisors of the county, with a justice of the peace. That appeal being allowed, upon the hearing the decision of the commissioners was reversed and an order entered establishing the road as prayed.

The only grounds urged for a reversal of the judgment below are: First, that the petition for the appeal by Canney and Grimes is insufficient, in that it fails to show that they, or either of them, were persons interested in the decision of the commissioners or that they were the owners of the land adjoining said road; and second, that said supervisors had no jurisdiction. This last ground is merely a conclusion drawn from the first. As we understand counsel for appellant, his contention is that the petition for the appeal is fatally defective because it does not, in terms, state that the petitioners were persons interested in the decision of the commissioners, or state facts showing that they were so interested.

Section 59 of the Road and Bridge act (Hurd's Stat. 1897, p. 1386,) provides: "Any person or persons interested in the decision of the commissioners in determining to, or in refusing to lay out, * * * may appeal from such decision to three supervisors of the county, * * * by filing a written petition with some justice of the peace of the county, asking for an appeal, and stating on what grounds such appeal is taken." It will be seen that this statute limits the right of appeal to persons interested, but it does not require the petition to state the fact of interest. The only requirements as to the allegations of the petition are, that it shall be in writing, filed with some justice of the peace, asking for an appeal, and stating on what grounds it is asked. In this case the petition did state: "Feeling themselves aggrieved by an order made by the commissioners * * * in refusing to lay out a highway, do hereby appeal," and stating the ground of the appeal. We are unable to see why, as a

matter of pleading, this petition did not conform to the requirements of the statute. We have held that a person interested, within the meaning of this section, is one owning the land adjoining the contemplated road. But whether he has such interest is a matter of proof, and not of pleading. Moreover, it is admitted appellant made no objection to the sufficiency of the petition at any time pending the appeal, although he appeared in person and by attorney before the justice of the peace to whom the matter was referred for an assessment of damages, and there claimed damages. He insists, however, that by failing to make such objection he waived no right to urge it on the hearing below, and here, for the reason that the supervisors were without jurisdiction and their action was void. As we have seen, jurisdiction was conferred by the appeal, and it must follow that all objections not urged there were waived. Under the statute of 1861 appeals from the order of commissioners were allowed to supervisors by persons, only, who were owners of or agents for land upon the route of the road, feeling themselves aggrieved, etc.

In *Town of Winfield* v. *Moffatt*, 42 Ill. 48, which was also a common law writ of *certiorari*, the petitioner insisting there, as here, that no jurisdiction was obtained by the supervisors on an appeal because it was not shown that the parties appealing were owners or agents of land over which the road was located, it was said: "It is true, the appellants in this case are nowhere shown to be such owners or agents, but describe themselves as legal voters, only, of the township; but no objection of this nature was made before the supervisors and cannot be made here for the first time." And it is added: "The statute nowhere prescribes the mode or manner in which this fact shall be made to appear."

That the petitioners Canney and Grimes in this case were owners of lands adjoining the road abundantly appears from the record. It was so stated in the petition

and appears from their having made a release of damages to their lands taken for the road. That the court below, in determining, as a matter of fact, whether they were interested, could properly look into the whole record, cannot be and is not seriously questioned. There is no view of this case in which the contention of appellant can be sustained.

The judgment of the circuit court was clearly right, and it will be affirmed.          *Judgment affirmed.*