THE PEOPLE *ex rel.* William W. Dunham *et al.*

*v.*

DONALD McCORMICK, County Judge, *et al.*

*Opinion filed February 18, 1903.*

1. APPEALS AND ERRORS—*only parties interested in will can appeal from order of probate.* Section 14 of the act relating to wills grants the right of appeal from an order allowing or disallowing probate only to persons interested in will.

2. MANDAMUS—*interest of party seeking to compel allowance of appeal must appear.* The interest of a party in the suit must appear in his petition for *mandamus* to compel allowance of an appeal, either from averments of fact or from the record. (*Smith* v. *Boisvert*, 183 Ill. 318, and *White Memorial Home* v. *Price*, 195 id. 279, explained.)

3. SAME—*when interest of party does not appear from petition.* The interest of trustees of a cemetery in the matter of allowing an appeal from an order denying probate does not appear in a petition for *mandamus* containing a copy of the will, which bequeaths

$1000 to a named person "if he is living, and if he is dead it goes to the improvement of the * * * cemetery," where there is no allegation that the person named as first legatee is dead.

4. WILLS—*when trustees of cemetery have no interest in provision of a will.* A direction in a will to sell the property of the testatrix and to use the proceeds and the bank stock of the testatrix to build a vault in a certain cemetery for herself and her deceased husband, and "for other improvements," passes no interest to the trustees of the cemetery.

*People ex rel.* v. *McCormick*, 104 Ill. App. 650, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

BALDWIN & STRINGER, FRED BALL, and LEMON & LEMON, for plaintiffs in error.

BLINN & HARRIS, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Logan county sustained a demurrer to the amended petition of William W. Dunham, W. C. Whiteman and I. J. Atchison, as trustees of the Waynesville cemetery, for a writ of *mandamus* against Donald McCormick, judge, and X. F. Beidler, clerk, of the county court of said county, commanding said judge to enter an order allowing the appeal of petitioners to the circuit court from an order refusing the probate of an instrument alleged to be the last will and testament of Martha E. Cornelius, deceased, and commanding said judge and clerk to approve said bond and said clerk to file the same. The petitioners elected to abide by their amended petition and judgment was entered dismissing it at their cost. The Appellate Court for the Third District, upon a writ of error from that court, affirmed the judgment, and the writ of error in this case was sued out to review the judgment of the Appellate Court.

The material facts alleged in the amended petition and admitted by the demurrer are, in brief, as follows: On August 28, 1901, there was filed in the office of the clerk of the county court of Logan county an instrument as follows:

"ATLANTA, ILL., *Oct. 11, 1899.*

"Life is so uncertain I shall write what I want done with my 80 acres, and a house and 7½ *sold* and a *vault* built of *marble* and *stone, no brick in it,* at Waynesville cemetery for the remains of *John L. Cornelius,* my husband, and myself and Ed. Leeper, and my bank stock at Pekin to be used for vault also for other improvements. I want Mr. J. P. Heironymus of the bank to settle my estate with the help of Mr. Whitman of Waynesville. When the farm is sold one thousand dollars ($1000) to go to James M. Leeper of Ottawa, Kansas, if he is living, if he is dead it goes to improvement of the Waynesville cemetery, where all my relatives are buried (my mother Elenor Leeper and the Rev. A. H. Rogers and my sister Nancy Rogers and others.)

Witness to signatures:        MARTHA E. CORNELIUS.
        J. P. HIERONYMUS,
        J. B. JORDAN."

Petitioners are trustees of the Waynesville cemetery by appointment of the board of supervisors of the county of DeWitt, and as such trustees appeared and sought to have the instrument admitted to probate. The county court refused probate, and petitioners prayed an appeal to the circuit court, which the county court denied. They presented a bond to the county court, and also to the clerk of said court and the clerk of the circuit court, all of whom refused to accept or approve it, not because it was not sufficient and in due and proper legal form, but because the county court denied the legal right of petitioners to take an appeal.

Section 14 of the act in regard to wills regulates the right of appeal in such cases, and is as follows: "Appeals may be taken from the order of the county court, allowing or disallowing any will to probate, to the circuit court of the same county, by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, except that the appeal bond

and security may be approved by the clerk of the county court; and the trials of such appeals shall be *de novo*." (Hurd's Stat. 1899, p. 1749.) This statute grants the right of appeal from an order allowing or disallowing any will to probate only to persons interested in such will, and the petition for the writ of *mandamus* does not show that the petitioners are in any manner interested in this will. A party applying for a writ of *mandamus* to compel another to do an act must show, by proper averments in his petition, a clear right to have the act performed. For this reason the demurrer to the amended petition was properly sustained. The petition contains a copy of the alleged will, but that instrument does not show the existence of any interest in the petitioners. By its terms the tracts of land mentioned in it are to be sold, and $1000 of the proceeds is to go to James M. Leeper, of Ottawa, Kansas, if he is living. If he is dead, that sum is to go to the improvement of the Waynesville cemetery, and the remainder of the proceeds, together with the bank stock at Pekin, is to be devoted to building a vault at the cemetery for the remains of John L. Cornelius, (husband of said Martha E. Cornelius,) herself and Ed. Leeper, and for other improvements connected therewith. The bequest for the improvement of the cemetery, generally, was conditioned upon the death of James M. Leeper. The interest of petitioners was not contingent upon some future event, but was limited upon an event which had already occurred when the instrument was offered for probate, so that if James M. Leeper was then living the petitioners had no interest at all. The petition does not show that James M. Leeper was dead at the death of Martha E. Cornelius or at the filing of the petition, and it was necessary that the petition should aver that the event had occurred upon which the petitioners' right depended. The petitioners have no interest whatever in the vault to be built for the remains of John L. Cornelius, Martha E. Cornelius and Ed. Leeper, or the improvements

referred to in connection with it.   If the fund should be provided for the building of such a vault, or improvements connected with it, on a lot in the cemetery, the petitioners would have no interest in the fund nor control over it.   The petition, therefore, does not show that petitioners are included in the class of persons to whom an appeal is allowed by the statute.

As a general rule, the interest of a party and his relation to a suit are shown by the record, and, in any event, in a petition for *mandamus*, in a case where the interest is denied, the facts must be averred showing such interest.   In the case of *Smith* v. *Boisvert*, 183 Ill. 318, relied upon by counsel in support of their claim that a party has the right to an appeal without showing any interest, the record showed that the parties who appealed were interested in the decision of the commissioners by being the owners of land adjoining the road.   The fact already appeared in the record, and on a *certiorari* to review such record it was held not necessary to state the interest in the petition for an appeal in order to give the appellate tribunal jurisdiction.   In *James White Memorial Home* v. *Price*, 195 Ill. 279, there was a collateral attack upon the judgment of the circuit court, which could only be made if the circuit court never acquired jurisdiction of the appeal.   The appeal bond alleged an interest in the will in the party taking the appeal, and the circuit court having acquired jurisdiction to pass upon that question as one of fact, it was held that the judgment could not be collaterally attacked.   Neither of these cases sustains the argument of counsel that the county court ought to be compelled to grant the appeal to petitioners, who, so far as appears from the record, have no interest in the will.

The petition is fatally defective and the judgment of the circuit court sustaining the demurrer was right.   The Appellate Court was right in affirming said judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*