JOHN T. SCHOFIELD, Appellee, *vs.* AARON THOMAS, Appellant.

*Opinion filed December 17, 1907.*

1. APPEALS AND ERRORS—*when right to have appeal dismissed is waived.* An appeal to the circuit court from an order of the probate court allowing or disallowing the probate of a will is improperly allowed if the party taking the appeal has not paid the fees required by statute; but if the other party pays such fees and takes the transcript to the circuit court, and in that court accepts a refund of such fees from the party praying the appeal, he waives his right to have the appeal dismissed because improperly allowed.

2. SAME—*appeal bond in probate case should be payable to appellees.* Since the act of 1897, relating to the probate of a will, the proceeding at all stages is a proceeding *inter partes,* and upon appeal the bond should be payable to the appellees and not to the People; but where an attempt is made to file a bond by filing one payable to the People the appellant should be ruled to file a proper bond, and the appeal should be dismissed only upon his failure to do so.

3. SAME—*appeal bond to circuit court in probate matter may be approved by the judge.* The statute providing that appeals to the circuit court in probate matters shall be taken in the same manner as appeals from justices of the peace, except that the appeal bond and security may be approved by the clerk of the county court, was designed to permit the clerk, as well as the judge, to approve the bond, and not to preclude its approval by the judge.

4. WILLS—*question of probate of will is one for the court and not for the jury.* Upon appeal to the circuit court in the matter of the probate of a will the question of the probate of the will is for the court and it is improper to submit the issue to a jury; but such

irregularity does not affect the validity of the judgment as between the parties, provided the circuit court had jurisdiction.

5. SAME—*circuit court does not acquire jurisdiction by appeal if probate court was without jurisdiction.* If the probate court was without jurisdiction to entertain a petition to probate a will, as against an heir not made a party to the proceeding, the circuit court does not acquire such jurisdiction upon appeal from the order of the probate court.

6. SAME—*probate court has exclusive original jurisdiction in matter of probate of will.* The probate court has exclusive original jurisdiction in all matters concerning the probate of a will, and while the statute allows an appeal to the circuit court, such appeal is a limited one, confined to the probate of the will, and when that question is decided and the order of the circuit court is transmitted to the probate court, the latter court is again invested with jurisdiction and the jurisdiction of the circuit court ceases.

7. SAME—*when a petition to set aside probate is properly presented to probate court.* Where the circuit court, on appeal from an order of the probate court denying probate of a will, orders the will to be probated, which is done, a petition by an heir over whom neither the probate nor the circuit court has acquired jurisdiction, seeking to set aside the probate of the will for fraud and want of jurisdiction, is properly entertained by the probate court, which, if the facts stated in the petition are true, may annul the probate and order a new hearing.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding.

JOHN M. HUMPHREY, and J. MARION MILLER, for appellant.

FRANK H. GRAHAM, and E. B. CRESAP, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 11, 1905, the appellant, Aaron Thomas, of Lewisville, Fremont county, Idaho, filed in the probate court of Cook county his petition alleging that Jane Ottman, of the city of Chicago, died at St. Elizabeth Hospital, in said

city, on October 15, 1902, leaving an instrument purporting to be her last will and testament, in which appellee, John Thomas Schofield, was named as sole legatee, devisee and executor; that on or about October 27, 1902, Schofield filed his petition in said court praying that said instrument be admitted to probate; that on September 21, 1903, said instrument was admitted to probate by said court; that on February 15, 1905, the said order was vacated and set aside on the ground that the probate of said instrument was obtained by fraud and the court was without jurisdiction; that at the time of vacating said order and probate the petition of Schofield was set down for hearing at a subsequent date, but Schofield refused to take further action to have the validity of said instrument adjudicated; and that the said Jane Ottman left real and personal property not exceeding in value $20,100, and left surviving her the petitioner and other named persons as her heirs-at-law. The petitioner, not admitting the validity of the instrument as a will but denying the validity thereof, prayed the court to adjudicate and determine whether the instrument was the last will and testament of said Jane Ottman, and asked the court to give notice to Schofield and the other parties named in the petition, of the time and place set for a hearing. The probate court on June 28, 1905, heard the evidence and refused probate of the instrument. Schofield prayed an appeal to the circuit court, and on July 12, 1905, filed a bond, payable to the People of the State of Illinois of Cook county, which was approved by the judge of the probate court. Schofield did not pay the transcript fee of the clerk of the probate court or the docket fee of $10 for the use of the clerk of the circuit court required by the statute, without the payment of which an appeal is prohibited. Schofield did nothing further, and on January 3, 1906, Thomas paid said fees, amounting to $16.50, and the transcript was filed in the circuit court and the cause docketed there. On February 10, 1906, a motion of Thomas to dismiss the appeal for want of juris-

diction was denied. On August 15, 1906, Schofield entered his motion in the circuit court to dismiss the petition of Thomas filed in the probate court on December 15, 1904, asking the probate court to set aside the probate of the will and in pursuance of which the probate was set aside. The court denied the motion, and also a further motion to dismiss the petition of Thomas filed in this proceeding on May 11, 1905, asking the court to determine the validity of the instrument as a will. On May 21, 1907, the appeal came on for trial in the circuit court, when both parties made a variety of motions. Thomas renewed his motion to dismiss the appeal for want of jurisdiction and the motion was again denied. He then moved the court to require Schofield, as proponent of the will, to proceed to a trial *de novo,* which motion was sustained. On the failure and refusal of Schofield to call witnesses and proceed with the trial Thomas moved to dismiss the appeal for want of prosecution, and the court overruled that motion. Schofield then renewed his motion to dismiss the petition of Thomas filed in the probate court on December 15, 1904, on which the probate of the will was set aside, and also to dismiss the petition filed in this case on May 11, 1905, on which the probate court made the order appealed from. The court heard the motions and entered an order finding that the probate court was without jurisdiction to entertain the petition to set aside the probate; that the order purporting to set aside such probate was void; that the probate court was without jurisdiction to entertain the petition of Thomas submitting the validity of the will for adjudication, and that the order entered on the hearing of said petition, refusing probate of the will, was void, wherefore it was ordered that the petition of Thomas filed in the probate court on May 11, 1905, be and the same was dismissed. From that judgment this appeal was prosecuted.

It is first contended that the circuit court erred in not dismissing the appeal for the reason that Schofield did not

pay the docket fee specified in the statute for the use of the clerk of the court to which the appeal was taken. The statute provides that an appeal from an order allowing or disallowing probate of a will shall be taken in the same time and manner as appeals from justices of the peace, except that the appeal bond and security may be approved by the clerk of the county court. Section 33 of the act concerning fees and salaries provides that it shall be the duty of a justice of the peace not to allow an appeal unless the fee of $10 for the use of the clerk of the court to which the appeal is taken shall be paid. The fee was not paid by Schofield, and the appeal was therefore improvidently allowed. The probate court, on application of Thomas, would doubtless have set aside the order as having been made in violation of the statute, but Thomas chose to pay the fee and take the transcript to the circuit court. When the question was raised in that court the fees paid were refunded to him by Schofield and he accepted and retained the money. We are of the opinion that by making the payment himself and accepting the money when offered him Thomas waived his right, and the court did not err in refusing to dismiss the appeal on the ground that it was improperly allowed.

The bond was payable to the People of the State of Illinois of Cook county, and no statute is referred to by counsel which authorizes such a bond in a case of this kind. Prior to the act of 1897 in relation to the probate of wills the proceeding in the probate court was in the nature of a proceeding *in rem,* but upon appeal it became in the nature of a proceeding *inter partes.* (*In the matter of Storey,* 120 Ill. 244.) Since the act referred to, which requires a petition stating the names of all the heirs-at-law and the legatees, with the place of residence of each, when known, and when unknown, a statement of that fact, and that notice shall be given as therein required, the proceeding, in all its stages, is in the nature of a proceeding *inter partes.* In this case the petition was filed by Thomas and Schofield an-

swered, and the contest in the probate court was between them. The appeal bond should have been payable to Thomas, but as an attempt was made to file a bond, the proper course would have been to have ruled Thomas to file a new bond and only to dismiss the appeal upon a failure to do so. The bond is further objected to as having been approved by the judge of the probate court, but the purpose of the statute was to permit the clerk, as well as the judge, to approve the bond.

When the appeal came on for trial the motions above stated were made, and Schofield, in support of his motion, offered in evidence a transcript of the record filed in the circuit court upon the first appeal and other record evidence was offered, from which the following facts appeared:

On the hearing of the petition of Schofield to probate the will the probate court on December 10, 1902, refused probate and Schofield appealed to the circuit court. In that court the question of the probate of the will was submitted to a jury, which returned a verdict that the paper was the last will and testament of Jane Ottman, deceased. The submission was improper, since the statute does not provide for a jury trial and the question was solely for the court. (*Moody* v. *Found,* 208 Ill. 78.) There was no judicial determination by the court that the instrument was the last will and testament of Jane Ottman, but the court ordered that the will be admitted to probate. The will was returned to the probate court in accordance with the statute and was by that court admitted to probate in pursuance of the order of the circuit court. The only person named in the petition for probate or who appeared in the proceeding was Alveretta G. Tutewiler, who was named in the petition as Mrs. Libbie Tutewiler, as a second cousin and heir-at-law of the deceased. On December 15, 1904, Thomas filed in the probate court his petition to set aside the probate of the will, alleging that he and other persons named in his petition were heirs of Jane Ottman; that they had no notice of her

death or of the proposal to probate the will; that Schofield knew the name of petitioner and his residence and that he was an heir, but designedly left his name out of the petition to keep him in ignorance of the proceeding and for the fraudulent purpose of defrauding him of his rights; that Alveretta G. Tutewiler filed a bill to contest the will, and on the hearing Schofield, for the purpose of showing that she was not an heir and not entitled to maintain her bill, proved that petitioner was an heir, as he knew all the time. The prayer of the petition was that the order admitting the will to probate in the probate court, and all proceedings relating thereto, be vacated and set aside. The matter came on for hearing in the probate court upon the petition, the answer of Schofield, replication to the same and evidence introduced. The court found the facts stated in the petition to be true, and entered an order setting aside the probate of the instrument on the ground that the court had no jurisdiction and that the probate was procured by the fraud of Schofield. The petition of Schofield for probate of the instrument was then set down for another hearing on March 14, 1905. Schofield appealed to the circuit court from the order setting aside the probate. The circuit court dismissed the appeal, and from that order Schofield appealed to the Appellate Court for the First District, where the order of the circuit court was affirmed. He then prosecuted a further appeal to this court and the judgment of the Appellate Court was affirmed. *Schofield* v. *Thomas,* 226 Ill. 631.

The court admitted in evidence, over the objection of Thomas, what appeared to be a certificate of the publication of a notice to Libby Tutewiler and unknown heir or heirs-at-law, which certificate was in no way identified with any of the proceedings in relation to the probate of the instrument and was no part of the record. The court erred in admitting the paper in evidence.

The circuit court in its order found that the probate court had no jurisdiction to set aside the probate of the in-

strument and that it had no jurisdiction to entertain the petition of appellant to adjudicate upon the validity of the will, and, based on those findings, the court dismissed said petition. The important question in the case is whether such findings were correct as a matter of law. If the probate court had jurisdiction, the circuit court erred in dismissing the petition by which the will was again presented to the probate court upon the abandonment by appellee of his petition. The argument in behalf of appellee is, that the order of the circuit court admitting the will to probate was final and conclusive; that it stood unreversed and in full force, and that the probate court had no jurisdiction to set aside or annul the probate for want of jurisdiction or for fraud. It is true that if a court has jurisdiction its judgment cannot be collaterally called in question, however grossly irregular or manifestly erroneous its decision may have been; but it is equally true that if a court is without jurisdiction it is immaterial whether the decision was correct or not, and the judgment is a mere nullity, which may not only be set aside at any time by the court rendering the judgment, but may also be declared void by any court in which rights are claimed under it. If the circuit court had jurisdiction, no error that was committed, such as the submission of the issue to a jury, nor any other irregularity that might have intervened, would affect the validity of the judgment, as between the parties, until it should be reversed or set aside by some direct proceeding. It is also true that the probate court could not act as a court of appeal or error to review, revise, set aside or annul the order of the circuit court which was sent down to it to be executed. It is clear, however, that the probate court did not sit as a court of review nor determine or attempt to determine whether the proceedings in the circuit court were regular or not, or whether the verdict of the jury that the paper was the last will and testament of Jane Ottman, or the order of the court that the paper be admitted to probate, was against the evi-

dence or not. The petition to the probate court set forth that the appellant was an heir whose name was not mentioned in the petition, although his name and residence were known; that no notice of any kind was given to him and that the court was without jurisdiction over him. The petition showed absence of jurisdiction and the perpetration of fraud in obtaining the order of probate, and it was a proper form of proceeding to petition for a vacation of the probate as having been obtained by fraud and imposition on the court. (*Wright* v. *Simpson,* 200 Ill. 56.) The question is, which court was vested with jurisdiction to make the order and set aside the probate? If the probate court had no jurisdiction to determine whether the instrument in question was the last will and testament of Jane Ottman, deceased, the circuit court acquired no jurisdiction by the appeal, and there is nothing in the record tending to show that either court had any jurisdiction over the appellant, or any authority to adjudicate, as to him, whether the instrument was valid or not.

The relations of the probate court and circuit court in matters pertaining to the probate of wills are peculiar and different from their relations as to ordinary litigation. The probate court, both by the constitution and statute, has exclusive original jurisdiction in all matters concerning the probate of wills. (*People* v. *Knickerbocker,* 114 Ill. 539; *Beatty* v. *Clegg,* 214 id. 34.) The statute allows an appeal to the circuit court from any order of the probate court allowing or disallowing probate of a will; but the appeal is a limited one, confined to the single question of the validity of the will. An appeal does not transfer the administration of the estate, or the jurisdiction over the estate or property, to the circuit court. Nothing is transferred except the particular order appealed from, and when that is disposed of, the order of the circuit court in relation thereto is transmitted to the county court, together with the original will and probate, and the probate court is again possessed of full and

complete jurisdiction over the administration and the parties. If probate is refused by the probate court, and on appeal to the circuit court the will is admitted to probate, it is so admitted in the probate court by the order of the circuit court; but we held in *O'Brien* v. *Bonfield,* 220 Ill. 219, that the probate of the will in the county court was not final and complete until the certified copy of the order of the circuit court had been filed in the county court. The statute provides that all original wills, together with the probate thereof, shall remain in the office of the clerk of the probate court of the proper county. The word "probate," as there used, means the legal proof of the due execution and validity of the will, and by the statute it must be filed in the office of the clerk of the probate court and remain there. An appeal has the effect to suspend the operation of the order of the county court but has no other effect, and when the circuit court has made its order and transmitted it to the probate court complete jurisdiction is re-acquired, and there is no further power, authority or jurisdiction in the circuit court.

There are cogent reasons why a party over whom neither the probate nor the circuit court acquires any jurisdiction should not be compelled to go to the circuit court and institute a proceeding there to set aside the probate of a will for want of such jurisdiction. While such a proceeding would be pending in the circuit court, the probate court, in the exercise of its exclusive jurisdiction, would be proceeding with the administration of the estate and disposing of the property in accordance with the will. Such a party does not call upon the probate court to review the judgment or order of the circuit court and determine the question decided by the latter court in a different way, but only asks that the probate of the will, which was finally completed in the probate court in execution of the order of the circuit court, be set aside for want of jurisdiction and for fraud. Inasmuch as a motion or petition is the proper procedure, equity would

not afford a remedy, and there is no known method by which the circuit court could interfere with the administration in the probate court or stay its progress while a motion would be pending in the circuit court. The probate court has original jurisdiction in matter of probate, but to acquire jurisdiction in a particular case a petition for probate must state certain things. *Wright* v. *Simpson, supra; Floto* v. *Floto,* 213 Ill. 438.

We conclude that the probate court, which had complete jurisdiction of the administration of the estate and in which the will was finally admitted to probate, also had jurisdiction to entertain the petition of appellant to set aside the probate of the will for the reason stated in the petition. The relations between our probate and circuit courts are not unlike those existing between the courts having jurisdiction in matters of probate in Massachusetts, and the views here expressed are substantially those announced in the case of *Gale* v. *Nickerson,* 144 Mass. 415.

The judgment of the circuit court dismissing the petition is reversed and the cause is remanded to that court, with leave to the appellee to file a new bond payable to the appellant, with security to be approved by the court, within ten days after the re-instatement of the cause, and with directions to the court, in case the bond shall be so filed and the appellee shall so elect, to then proceed to a trial *de novo* of the issue whether the instrument in question is the last will and testament of Jane Ottman, deceased; and if said bond shall not be filed, or if the appellee, as proponent of the will, shall not proceed to such trial, then to dismiss the appeal.

*Reversed and remanded, with directions.*