JOHN MOSSER, Appellant, *vs.* CARRIE RODGERS FLAKE *et al.* Appellees.

*Opinion filed April 19, 1913.*

1. WILLS—*since the act of 1909 a proceeding to probate a will is a proceeding inter partes.* By the act of 1909 (Laws of 1909, p. 473) the proceeding to probate a will, which had formerly been in the nature of a proceeding *in rem,* is given the character of a proceeding *inter partes,* and the method of acquiring jurisdiction is that the parties shall be given notice.

2. SAME—*who are entitled to notice of proceeding to probate a will.* Under the act of 1909 heirs-at-law and legatees, (the term "legatees" being used in its general sense, which includes devisees,) and, under the proviso, all parties in interest, are entitled to notice of a proceeding to probate a will.

3. SAME—*a devisee whose interest is revoked by codicil is entitled to notice.* One to whom is devised a substantial interest by the original will but whose interest is taken away by a codicil has an interest in the probate of the will and is entitled to notice of a proceeding to probate the instrument.

4. SAME—*the court cannot presume that codicils were properly executed or that the testator had capacity to make them.* In determining the jurisdictional question as to who are entitled to notice of a proceeding to probate a will all the instruments offered for probate as the will must be considered, but the court cannot presume that codicils cutting off interests given by the will were properly executed or that the testator had legal capacity to make them.

5. SAME—*when order probating a will will be set aside.* If a person entitled to notice of a proceeding to probate a will receives no notice and does not appear or waive notice the court is without jurisdiction to enter an order admitting the will to probate, and such order will be set aside and declared of no effect when the want of jurisdiction is called to the attention of the court.

COOKE, J., dissenting.

APPEAL from the Circuit Court of Knox county; the Hon. R. J. GRIER, Judge, presiding.

WILLIAMS, LAWRENCE, WELSH & GREEN, and F. O. McFARLAND, for appellant.

WILLIAM E. MASON, LEWIS F. MASON, M. J. DAUGHERTY, and HARDY, WELSH & HARDY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John J. Rodgers died at Abingdon, in Knox county, on October 3, 1910, leaving an estate worth in personal property about $27,000 and in real estate about $123,000. On October 11, 1910, a petition for the probate of an alleged original will and three codicils thereto was filed in the county court of Knox county by John Mosser and James H. Simmons, who were named therein as executors. The original will was dated August 13, 1903, and the three codicils were severally dated March 29, 1906, November 25, 1909, and January 19, 1910. After some specific devises and bequests one-eighth part of the estate was devised by the original will to the trustees of Hedding College, at Abingdon, to endow a professorship there, to be known as the J. R. Jaques Professorship. The first codicil, after reciting the devise and bequest, revoked the same and instead thereof gave to the children of the testator's son, Clarence Rodgers, the said one-eighth part of the estate, charged with the payment to the trustees of Hedding College of

$7500, to be used in the founding of a professorship. By the second codicil the provisions of the will and first codicil in favor of the trustees of Hedding College were canceled and revoked, and the testator directed that in no case should any portion of his estate go to or for the benefit of Hedding College. The third codicil made no reference to the college or the trustees but modified other provisions of the will. The petition purported to give the names of the heirs-at-law and the devisees and legatees under the will, but neither the trustees of Hedding College nor the college, which was a corporation organized under the laws of this State, were mentioned in the petition or given any notice of the proceeding. They did not appear or waive notice, and on November 7, 1910, the will was admitted to probate without any notice to them nor any opportunity for a hearing. On the next day letters testamentary were issued to John Mosser and James H. Simmons. On January 25, 1912, John Mosser filed his petition in the county court, reciting the former proceeding, the omission of the trustees of Hedding College and the college in the petition, the absence of notice to or appearance of the trustees or the college, and praying the court to set aside and declare of no effect the order admitting the instrument to probate, and that notice might be given and the will again admitted to probate. The court dismissed the petition, and on appeal to the circuit court the appeal was dismissed. From the judgment of the circuit court an appeal was taken to this court.

The case has been submitted upon the single question whether the trustees of Hedding College were entitled to notice of the proceeding to probate the will, the appellant contending that they were so entitled, while the appellees insist that they were not parties in interest because the devises in the original will and first codicil were afterwards revoked by the second codicil.

By the act in relation to the probate of wills, as amended in 1909, (Laws of 1909, p. 473,) it is provided that before

any will shall be admitted to probate a petition shall be filed in the court, stating, among other things, the names of all the heirs-at-law and legatees, with the place of residence of each when known, and when unknown the petition shall so state, and notice is to be given by the clerk to the persons so named, as provided in the act. If a will has been deposited in the county court for ten days and no petition has been filed the court may proceed to probate it without a petition, but only after having caused publication and notice of the intention to probate the will to be given to the parties in interest as to the court may seem proper; and a will may be admitted to probate without notice if all the heirs and legatees appear, or, if of legal age and under no disability, shall file in writing their appearance and waiver of notice. By the statute the proceeding for the probate of a will, which had been in the nature of a proceeding *in rem,* was given the character of a proceeding *inter partes,* (*Schofield* v. *Thomas,* 231 Ill. 114,) and the statute prescribes the conditions necessary to the exercise of the power to admit a will to probate. The method of acquiring jurisdiction of the parties interested is that they shall have notice of the proceeding, and the question here is whether the trustees of Hedding College were within either of the classes mentioned in the statute. The classes mentioned in the body of the act are heirs-at-law and legatees, and the latter is a general term, including devisees. (*Den* v. *Crawford,* 8 N. J. L. 90.) In the proviso the words previously used are construed as including all parties in interest, and certainly the trustees of Hedding College and the college were parties in interest. The will and first codicil gave to the trustees, for the use of the college, substantial portions of the estate, and they had a direct interest in having the original will and first codicil established and admitted to probate. By a subsequent codicil their interest purported to be taken away, and they were interested in the question of the validity of the later codicils, and had a right to dis-

pute the testamentary capacity of the testator at the time they were made as well as the due execution of them. Their right was equal to that of an heir whose interest is taken away by a will and was of exactly the same nature. Every heir, however remote, whose inheritance is diminished or taken away by a will or codicil is entitled to notice and to contest the validity of such will or codicil, and the trustees of Hedding College had an interest of the same kind as to which documents, and how many of them, constituted the will of the testator.

It is true that if all the instruments were proven they would constitute but one will, (*Fry* v. *Morrison,* 159 Ill. 244; *Hubbard* v. *Hubbard,* 198 id. 621;) but the court could only exercise the judicial power to hear and determine that question by the filing of a petition and notice having been given as required by the statute. The question involved being one of jurisdiction, merely, the parties entitled to notice were to be determined from the instruments when presented for probate, and no effect whatever can be given to the finding of the court that all the several instruments were executed according to law and were valid. The determination of the jurisdictional question was necessary to the exercise of the judicial power to decide whether the several instruments constituted a valid will, and in determining that question there could be no presumption that the codicils were properly executed or that the testator had legal capacity to make them. It would be just as reasonable to say that an heir is not entitled to notice because the will cuts him off, as to say that the trustees of the college were not entitled to notice because a codicil took away their devise. The petition to set aside the probate contained matters relating to events subsequent to the order admitting the will and codicils to probate, and the bill of exceptions contains the same matter, but they are not relevant to the question of the jurisdiction of the county court.

The trustees of Hedding College were named in the will and two of the codicils, and it necessarily follows that they were knowingly left out of the petition for the probate of the will. Where that is the case it has been held that there is an absence of jurisdiction, and an order admitting a will to probate will be set aside and declared of no effect when the want of jurisdiction is brought to the attention of the court. *Wright* v. *Simpson,* 200 Ill. 56; *Floto* v. *Floto,* 213 id. 438; *Rowlett* v. *Moore,* 252 id. 436; *Schofield* v. *Thomas, supra.*

The county court erred in dismissing the petition and the circuit court in dismissing the appeal. The judgments are reversed and the cause is remanded to the county court.

*Reversed and remanded.*

Mr. JUSTICE COOKE, dissenting.