(No. 12241.—Judgment reversed.)

VIRGIL CHANDLER *et al.* Appellants, *vs.* KATHERINE FISHER *et al.* Appellees.

*Opinion filed October 21, 1918.*

1. PRACTICE—*evidence need not be preserved to support facts found by the decree.* On appeal to the circuit court from an order denying a petition to probate a will, which alleges that the petitioners are the grandchildren of the testator, if the decree, rendered after hearing evidence, sustains a prior motion to dismiss the appeal and finds that the petitioners are the grandchildren of the testator, the evidence on that point need not be preserved by a certificate of evidence but will be presumed, on appeal, to sustain the finding.

2. SAME—*when an order denying probate is properly set aside—notice.* Where a probate petition naming only the children of the testator as his heirs-at-law and legatees is denied by the county court, the court may at the same term set aside such order without notice to the petitioners, where it is shown to the court that there were minor legatees named in the will who were not mentioned in the petition and who were entitled to notice of the hearing thereon.

3. SAME—*order of circuit court dismissing an appeal in a probate proceeding may be reviewed by appeal.* Notwithstanding the amendment in 1897 of the law in reference to the probate of wills, an order of the circuit court dismissing an appeal from an order of the county court denying probate may be reviewed in the Appellate Court or the Supreme Court, as the facts may require, either by appeal or writ of error.

4. WILLS—*a contingent interest is sufficient to authorize appeal from an order denying probate.* Where a will creates a trust for twenty years in favor of the testator's named children, at the end of which the estate is to be divided among them, share and share

alike, and in case any of them be dead at that time "his or her share shall descend to his or her children," living grandchildren of the named devisees are entitled to notice of a proceeding to probate the will, and may by their guardian *ad litem,* if minors, appeal from an order denying probate.

· APPEAL from the Circuit Court of Henderson county; the Hon. ROBERT J. GRIER, Judge, presiding.

SCOFIELD, HELFRICH & CALIFF, (JAMES W. GORDON, guardian *ad litem,*) for appellants.

M. E. NOLAN, and O'HARRAS, WOOD & WALKER, for appellee Katherine Fisher.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case involves the probate of an instrument purporting to be the last will of David Bryans, deceased. He died February 1, 1917, a resident of Henderson county, Illinois. A petition to probate the instrument in question was filed in the county court of that county February 7, 1917. This petition only named as "heirs-at-law and legatees" the nine children of the deceased. Notices were sent to them by the clerk, and on April 2, the date set for hearing in the county court, that court found "that the proof fails to support the allegations of said petition" and refused to probate said instrument as the will of the deceased. On April 27, 1917, the court entered an order reciting that it had come to the knowledge of the court since the hearing on April·2 that minors were mentioned in said alleged will as legatees, (naming them,) their names not being mentioned in the original petition to probate the will, and that they received no notice of the hearing on the probate; that the order of April 2 be thereby vacated and set aside; that James W. Gordon be appointed guardian *ad litem* for said minors and as such guardian directed to file an amended petition for probate, setting forth the names and addresses of the said minors. Thereafter a petition was filed by said guardian

*ad litem* naming as "heirs-at-law and legatees" the nine children of the deceased and also the children of such children, twenty-four in all, of which all but three were stated to be minors. It appears that no notice was given to the children of deceased, previous to the setting aside of said order of April 2, of the court's intended action therein. Notices were sent by the clerk to the persons named in the new petition, including the children of the deceased, and a hearing was had on said second petition June 4, 1917, and probate was again refused. The guardian *ad litem* thereupon took an appeal to the circuit court of Henderson county. Thereafter the pleadings were amended to show the birth of another grandchild of Bryans. Appellee Katherine Fisher, one of the children of the deceased, entered in said circuit court her special appearance and moved to dismiss the appeal for the reason that said minor grandchildren had no such interest in the will or property of the deceased as entitled them or their guardian *ad litem* to file a petition for probate or to appeal from the order of the county court refusing probate. Her motion also stated that the county court had no power to enter its order of April 27, because the order of April 2 was never appealed from and no notice was given to the children of the deceased previous to the setting aside of said first order. The circuit court, subject to the motion to dismiss the appeal and without prejudice to any of the parties on that motion, held the same under advisement and took evidence on the matter of probate.

G. A. Riley, one of the witnesses to said instrument, testified that he was a neighbor of Bryans and was harnessing his horse in the barn when Bryans brought a paper to him and stated that it was his will and asked him to sign it, which he did; that Bryans' signature was already on the paper; that witness thought Bryans was angry on that occasion and on account of his age and condition witness did not think he was capable of making a will; that Bryans said he was going to fix his property so his sons-in-law

could not spend it when he was gone. The deposition of A. L. Welch, another subscribing witness, was introduced, to the effect that he had known Bryans for many years and that Bryans came to witness' house and told him the paper was his will and asked him to sign it, which he did; that he did not notice whether Bryans' name was on the paper or not; that he could not swear exactly that Bryans was of sound mind and memory; "I didn't think so; he was more or less childish, to my notion, at that time." The testimony of these two witnesses was substantially the testimony on which the county court on the second petition refused to allow the probate of said instrument. On the hearing before the circuit court, Gus. A. Johnson, another subscribing witness, testified that he did not think Bryans was of sound mind and memory. A number of other witnesses who had had business dealings with Bryans testified that they considered him of sound mind and memory. After taking this testimony the circuit court sustained the motion to dismiss the appeal and dismissed it without costs.

Judged by the form of the order and the statements in the briefs of both counsel the judge of the circuit court was of the opinion that the grandchildren did not have sufficient interest to authorize them, under the statute, to appeal from the judgment of the county court refusing probate, to the circuit court. From the order of the circuit court dismissing the appeal the guardian *ad litem* prayed and perfected an appeal to the Appellate Court for the Second District. The Appellate Court at its April term, 1917, found that the case was wrongfully appealed to that court and transferred it to this court, doubtless on the ground that a freehold was involved. Both counsel assume that the case was rightly transferred to this court on the ground that a freehold was involved, and we agree with them in this conclusion.

Counsel for appellees urge several reasons why the circuit court was right in dismissing the appeal of the grandchildren. They first argue that there is no proof in the rec-

ord showing the appellants are the grandchildren of David
Bryans, and that as the burden of making such proof rests
upon the appellants, for this reason, alone, the circuit court
should have dismissed the appeal.   They concede that the
sworn petition for the second probate by the guardian
*ad litem* alleged that the appellants are the respective chil-
dren of the various children of David Bryans.   They also
concede that the decree of the county court and that of the
circuit court find that appellants were the grandchildren of
David Bryans but argue that there was no proof to support
such finding.   It is obvious from the record before us that
this point was not made in the circuit court and that that
court did not dismiss the petition on this ground.   There-
fore, under the long settled practice of this court, that ques-
tion cannot be first raised here.   Neither is it at all clear,
as assumed by counsel for appellees, that on this motion to
dismiss, made before the evidence was taken, and the hear-
ing of evidence by the court being subject to this motion,
the burden rested upon appellants to make proof that they
were the grandchildren of Bryans.   The general rule is
that the burden of proof is on the party moving to dismiss.
(4 Corpus Juris, 602, and cases cited.)   It is sometimes
said that the burden of proof rests on the party who as-
serts the affirmative of the issue or question in dispute;
that where the burden of proof lies does not depend upon
the form of the proposition, but that the burden of proving
any given claim or defense rests upon the one who asserts
it.   (Jones on Evidence,—2d ed.—sec. 180; 10 R. C. L.
898.)   While it is true that the evidence taken on this hear-
ing on that point before the trial court, if any was taken,
is not preserved, showing that appellants are the grandchil-
dren of the deceased, it is manifest that both parties on the
hearing in the trial court assumed that they were the grand-
children, and the decree specifically so found.   It has long
been the settled rule in chancery cases, that when the decree
finds specific facts as proved on the hearing it is not neces-

sary to preserve the evidence by a certificate of evidence. (*Grays Lake M. E. Church* v. *Metcalf,* 245 Ill. 54.) We see no reason why this rule should not apply on hearings of this kind. This being so, we must assume from the order in this case that the trial court rightly found that appellants were the grandchildren of the deceased.

We do not think the cases cited by counsel for appellees, viz., *People* v. *McCormick,* 201 Ill. 310, and *James White Memorial Home* v. *Price,* 195 id. 279, are in point on this precise question in view of the way the question was raised on this record. In neither of those cases was there a motion made before the trial to dismiss. *People* v. *McCormick* was a petition for *mandamus* to force the allowance of an appeal. It was properly held in that case that the petitioner should show by proof that he had the right to appeal.

Counsel for appellees also argue that the trial court rightly dismissed the appeal because the probating of a will is purely statutory and the county court was without authority to set aside the original order of probate without first giving notice to the children of the deceased; that while the order setting aside the original order refusing probate was made during the same term, the notice as to the probate was good for one day, only, and not for the term; that for this reason the first order denying the probate was still in full force and that all subsequent proceedings in the county court are void, and therefore the appeal to the circuit court was from an invalid order and for that reason should have been dismissed. If the grandchildren should have been given notice of the original proceedings to probate the will, then it is clear, under the reasoning of this court in *Wright* v. *Simpson,* 200 Ill. 56, *Schofield* v. *Thomas,* 231 id. 114, and *Mosser* v. *Flake,* 258 id. 233, that the trial court rightly set aside the original order because no notice was given to said grandchildren. In view of our holding hereinafter that the grandchildren were entitled to such no-

tice, the conclusion follows that the order setting aside the original order denying probate because no notice was sent to the grandchildren was correct. Moreover, we cannot see how appellees were in any way injured by said order setting aside the original order denying probate, or how they are in a position, on this record, to take advantage of the invalidity even though it was a void order. They all received notice as to the second application for probate, and, so far as we can judge from the record, made no objection on the second application in the county court that the order setting aside the probate was invalid and made no attempt to appeal from that order. We think, therefore, that this point raised by appellees is without merit.

The further point is made that the judgment of the circuit court dismissing the appeal is not such a judgment or decree as can be appealed from by anyone; that the appeal could not be taken either to the Appellate Court or this court under section 8 of the Appellate Court act or section 91 of the Practice act, because the probate of a will is a special statutory proceeding and is not a suit or proceeding at law or in equity; that in 1897 the law with reference to the probate of wills was amended and a proceeding different from that which theretofore existed was established by the new act, and that both sections 8 of the Appellate Court act and 91 of the Practice act were passed prior to the amendment of 1897. It has been assumed by this court without any discussion since 1897 that an appeal could be taken in a case of this kind. (*Schofield* v. *Thomas, supra; Mosser* v. *Flake, supra; Flynn* v. *Flynn,* 283 Ill. 206, and other cases cited.) We are constrained to hold, therefore, that an appeal can be taken or writ of error sued out from the judgment of the circuit court in cases of this kind either to the Appellate or the Supreme Court, as the case may require.

The principal question, however, argued in the briefs and relied on by counsel for appellees is, that appellants, as grandchildren of the deceased, had no such interest in

the will as to justify their guardian *ad litem,* acting for
them, in taking an appeal from the county court to the cir-
cuit court. Section 14 of our statute on wills provides:
"Appeals may be taken from the order of the county court,
allowing or disallowing any will to probate, to the circuit
court of the same county, by any person interested in such
will, in the same time and manner as appeals may be taken
from justices of the peace." (Hurd's Stat. 1917, p. 2969.)
Somewhat similar language is used in section 7 of the same
statute with reference to persons who can file a bill in chan-
cery to contest a will. There is merit in the argument of
counsel for appellees that the construction given by this
court as to the meaning of the phrase in one section would
be somewhat persuasive as to construing the other section.

The instrument here in question provided:

"*Second*—I give and bequeath to my children, Horace
E. Bryans, Robert L. Bryans, John C. Bryans, Mary M.
Maley, Fanny Bell Chandler, Lucy Jane Bryans, James A.
Bryans, Catherine E. Fisher, Ida Ella Foster and Birdie
Irene Bryans, all of my property, both real and personal,
of every kind and character whatsoever, share and share
alike, in trust, however, as hereinafter set forth. It is my
will that my executors hereinafter named shall convert all
of my personal property into money with convenient speed,
and that they shall loan or invest the money so derived from
such sale and any money I may have on hands at the time
of my decease so that the same will produce the best income,
consistent with the safety of the principal, for the benefit of
my estate, for a period of twenty years from the date of
my death; and it is my will that my said real estate of
which I may die seized shall remain in the custody, care
and control of said executors hereinafter named, who shall
pay the taxes and keep up the repairs and improvements on
the same and collect all rents and profits therefrom for a
period of twenty years from the date of my death. At the
end of the twenty years above specified I direct that my

executors, or their successors in office, shall sell said real estate and divide the proceeds of such sale, and also the personal property and money above, among my children above named, share and share alike. In case any of my children shall be dead at such time, then his or her share shall descend to his or her children. It is my will that the income derived from the money loaned, and the rents, issues and profits derived from the real estate, after the payment of all just charges and costs, shall be divided annually among my children as above set forth, share and share alike."

It is argued by counsel for appellees that the grandchildren, at the most, only had a contingent interest under the will, and that this is not such an interest as will entitle them, under the statute, to appeal. It has been held that "any person interested," as used in section 7 of the statute on wills with reference to contests, includes a devisee as well as an heir-at-law. (*Wolf* v. *Bollinger,* 62 Ill. 368.) It has also been held that such words only include persons who have a direct, existing, pecuniary interest at the time of the probate of the will. (*McDonald* v. *White,* 130 Ill. 493; *Storrs* v. *St. Luke's Hospital,* 180 id. 368; *Cassem* v. *Prindle,* 258 id. 11.) These holdings, however, are not conclusive on the question here involved. The statute does not say that the interest, to authorize an appeal, must be a vested one. The will creates a trust as to all the property in the hands of the executors for a period of twenty years. These trustees are to manage and control the real estate and collect the rents for this same period and are to divide the net income annually. It is further provided that in case any of the testator's children shall be dead at the time of such distribution, then his or her share shall descend to his or her children. In *People* v. *McCormick, supra,* a petition was filed by the trustees of a cemetery association for a writ of *mandamus* to enforce the allowance of an appeal to the circuit court from an order of the county court refusing to probate the alleged will of Martha E. Cornelius, which pro-

vided that $1000 of the proceeds of sale of certain lands
should go to James M. Leeper, if living, but if dead, to
the improvement of the Waynesville cemetery.   It was held
that this language related to the status at the death of the
testatrix or the time of the probate proceedings.   The court
said (p. 313) :   "The bequest for the improvement of the
cemetery, generally, was conditioned upon the death of
James M. Leeper.   The interest of petitioners was not con-
tingent upon some future event but was limited upon an
event which had already occurred when the instrument was
offered for probate, so that if James M. Leeper was then
living the petitioners had no interest at all."   The natural
inference from this reasoning is that if James M. Leeper
was not living at that time the cemetery would have a con-
tingent interest in the $1000 that would justify the court in
allowing it to appeal from the order of the county court to
the circuit court.   In *Snell* v. *Weldon,* 239 Ill. 279, the will
provided for the payment, annually, to each of the testa-
tor's three grandchildren, including Harry C. Snell, until
improvements in East Ft. Dodge, Iowa, to the amount of
$150,000 should be made and paid for, and after such im-
provements should be made the sum of $3000 should be
paid annually to each of the said grandchildren, with a re-
duction in case of the destruction of any business house by
fire.   The will provided that the trustee, after five years,
should pay to each of the three grandchildren, for life, one-
third of the net income from certain rents and profits after
payment of certain charges, and that in case of the death
of any of the grandchildren before final distribution of the
estate, his or her annuity should be paid to his or her heirs
of the testator's blood.   Upon the trial of the bill to contest
the will the executor attempted to prove that after the com-
mencement of the suit a child was born to the grandson,
Harry C. Snell, but was not permitted to do so.   Upon this
point the opinion said (p. 297) :   "If a child was born it
is the only living person who will be entitled to the estate

at the end of the trust if it should survive that period, having been born after the death of the testator. It is not represented by the adverse interest of heirs-at-law seeking to set aside the will, and it should have been made a party and represented." Clearly the interest of said child of the grandson in that case was contingent, the same as those of the grandchildren were here, and yet this court held that even in the contest of the will he should have been made a party. (See, also, *In re Hardy*, 216 N. Y. 132; 40 Cyc. 1351, and cases there cited.) It is true that the New York code defines the word "interest" as being either absolute or contingent, but it seems fair to infer that the construction to be put upon our statute, in view of the fact that it says "any person interested," would include one who has a contingent interest, as such a person would ordinarily be said to be "interested" in the will. The authorities cited from certain other jurisdictions we do not consider in point, because their statutes are worded somewhat differently from ours, and, at the most, the decisions from those jurisdictions could only be persuasive and not conclusive as to the construction to be put upon the Illinois statute.

In our judgment the legislature did not intend that persons having only contingent interests would not be permitted to appeal from the judgment of the county court to the circuit court in matters relating to probate, and the decisions of this court on similar matters are in full harmony with this conclusion. It therefore necessarily follows that the circuit court wrongfully dismissed the appeal upon the ground that the appellants did not have such interest in the will as to justify their guardian *ad litem* in appealing to the circuit court from the order of the county court refusing probate.

In view of the conclusions reached on the foregoing question it is unnecessary for us to consider the question whether on this record the circuit court should have allowed the probate of the instrument as the last will of the de-

ceased. . It will not, however, be out of place to state, in passing, that the circuit court in permitting a further hearing on this question, under the reasoning of this court in *Flynn* v. *Flynn, supra,* would not be justified in authorizing the guardian *ad litem,* as the representative of the minor children, to incur any great amount of expense on this question. That court should only allow a sufficient hearing to reach, from the evidence, a reasonable and satisfactory conclusion as to whether the will is valid or invalid.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.    *Judgment reversed.*