*In re* ESTATE OF RAY A. MILLER, Deceased (Ruby Black *et al.*, Petitioners-Appellants, v. Frances Schulte, Intervenor-Appellee).

Second District   No. 2—92—0051

Opinion filed December 17, 1992.

Alan W. Cargerman, of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellants.

Donald Q. Manning and George D. Bates, both of Clark, McGreevy & Johnson, P.C., of Rockford, and Bruce E. Keller, of Keller & Latheler & Associates, of Dixon, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Petitioners, Ruby Black, Fern Greenfield, Robert Miller, George L. Miller, Marian Reese, Earl Miller, June Hinrichs, and Carol Troxell, the brothers and sisters of the testator, Ray A. Miller, appeal the judgment of the circuit court which dismissed their petition to reopen the testator's estate. The essential issue on appeal is whether petitioners were "legatees" under the testator's will so that they were entitled to notice that the will had been admitted to probate.

Ray A. Miller died on October 27, 1988, survived by his widow, Darlene. On December 16, 1988, Darlene filed a petition seeking admission of the testator's will into probate and the issuance to her of letters testamentary. The testator bequeathed all of his personal effects to Darlene. The residue of the estate was provided for as follows:

"I give the residue of my estate to my wife, or if she does not survive me, I give the residue of my estate as follows:
1. 5% to First Presbyterian Church ***.
2. 5% to Immanuel Lutheran Church ***.
3. 45% equally to such of [petitioners] who survive me."

The testator named Darlene as the executrix of the will. The court admitted the will to probate and, on the same date, appointed Darlene the executrix and issued the letters testamentary to her. On December 30, Darlene's counsel filed a proof of mailing and attachments as required by section 6—10(a) of the Probate Act of 1975 (Probate Act) (Ill. Rev. Stat. 1991, ch. 110½, par. 6—10(a)). That notice listed Darlene as the only heir or legatee of the estate. Petitioners were not sent notice of the proceedings.

The court closed the estate in July 1990. A few weeks later, Darlene died. On February 28, 1991, petitioners filed their petition to reopen the estate, alleging that they were legatees under the will and, therefore, were entitled to notice. Frances Schulte, the executor of Darlene's estate, filed a petition to intervene, which the court granted. Schulte moved to strike the petition to reopen the estate on the basis that petitioners were neither heirs nor legatees and were not entitled to notice.

The trial court found that petitioners were designated as "contingent legatees" in the will and, "as soon as the testator died leaving Darlene E. Miller as his survivor, the contingent gift to the Petitioners failed." The court reasoned that since the Probate Act's notice requirement contemplates those persons who have an interest in whether the will is to be admitted to probate, and petitioners could not take under the will and were not heirs, petitioners were not entitled to notice. The court therefore granted the motion to strike the petition.

Petitioners moved to reconsider the order striking their petition. The court denied the motion to reconsider, and petitioners timely appealed.

As a preliminary matter, we note that petitioners' pleading was dismissed pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). When reviewing the dis-

missal of such a pleading, the court must take as true all well-pleaded facts and reasonable inferences drawn from those facts. (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 172.) A trial court should dismiss a cause on the pleadings only if it is clear that no set of facts can be proven which will entitle the petitioner to recover. *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504.

■ Petitioners contend that the trial court erred in finding that they were not "omitted legatees" of the will. Petitioners rely primarily on section 6—10(a) of the Probate Act, which provides that the executor must give notice to the heirs and legatees within 14 days after the will was admitted to probate. (Ill. Rev. Stat. 1991, ch. 110½, par. 6—10(a).) According to petitioners, the trial court could not look outside of the face of the will to determine the occurrence or nonoccurrence of the contingency to the bequest. Petitioners rely on *Mosser v. Flake* (1913), 258 Ill. 233, and *Edgar County Children's Home v. Beltranena* (1949), 402 Ill. 385, in support of their position that, as named legatees, they were entitled to notice and the lack of notice to petitioners deprived the court of jurisdiction to probate the will.

*Edgar County* is inapposite. The issue in that case was whether a devise was a life estate or was in fee simple. (*Edgar County*, 402 Ill. at 386-87.) The bequest to Darlene clearly is not a life estate. Petitioners' reliance on *Mosser* similarly is misplaced. The documents at issue there consisted of an original will and codicil and two additional codicils which purported to supersede the will and first codicil. The first codicil included a bequest to Hedding College. The second codicil revoked the bequest and the third codicil failed to mention the college. The trustees of the college claimed that the court lacked jurisdiction to admit the will and codicils to probate because the college never received notice. The supreme court agreed that the trustees were entitled to notice because they were interested parties. The trustees "had a direct interest in having the original will and first codicil established and admitted to probate[,] *** and they were interested in the question of the validity of the later codicils." (*Mosser*, 258 Ill. at 236-37.) The court ruled that whether a party was entitled to notice was to be determined from the instruments when presented for probate. 258 Ill. at 237.

Petitioners were not "interested" in having the will admitted to probate or in not having the will admitted to probate because, in either scenario, they would receive nothing.

Schulte argues that the facts of *People ex rel. Dunham v. McCormick* (1903), 201 Ill. 310, are on point. The bequest in *Dunham* is similar to the bequest at issue here. In *Dunham*, the testatrix's will pro-

vided that certain parcels of land would be sold and the proceeds from the sale would "go to James M. Leeper *** if he is living, if he is dead it goes to improvement of the Waynesville cemetery." (*Dunham*, 201 Ill. at 312.) The trustees of the Waynesville cemetery sought to have the testatrix's will admitted to probate. In determining whether the trustees had the right to have a *mandamus* issue, the supreme court had to determine whether the trustees had any interest in the will. (*Dunham*, 201 Ill. at 313.) The court explained:

"The petition contains a copy of the alleged will, but that instrument does not show the existence of any interest in the petitioners. *** The bequest for the improvement of the cemetery, generally, was conditioned upon the death of James M. Leeper. The interest of petitioners was not contingent upon some future event, but was limited upon an event which had already occurred when the instrument was offered for probate, so that if James M. Leeper was then living the petitioners had no interest at all." (201 Ill. at 313.)

Although the supreme court was discussing a *mandamus* petition, the analysis is instructive. Petitioners stand on the same footing as the Waynesville cemetery trustees. Petitioners admitted that Darlene survived the testator. Consequently, the gift failed, and petitioners had no interest in the will.

Petitioners argue, however, that according to *Chandler v. Fisher* (1918), 285 Ill. 57, contingent legatees are entitled to notice. We decline to read *Chandler* so broadly. The contingency in *Chandler* was a future event involving a 20-year trust founded at the testator's death, which would be divided among the testator's children and, if they were deceased, the children of the deceased children. Thus, the grandchildren's contingency was the death of a parent within 20 years. (*Chandler*, 285 Ill. at 64-65.) Such is not the type of contingency here. In addition, *Chandler* does not support petitioners' contention because the supreme court interpreted the words "any person interested" to "only include persons who have a direct, existing, pecuniary interest at the time of the probate of the will." *Chandler*, 285 Ill. at 65.

■ A will should be construed to effect the intent of the testator, and when the will is clear and unambiguous, as here, it will be interpreted according to those terms. (*In re Estate of Miller* (1992), 230 Ill. App. 3d 141, 145, 148.) It was clear from the face of the will that petitioners were not "legatees" but were contingent residuary beneficiaries. (See *Landmark Trust Co. v. Aitken* (1992), 224 Ill. App. 3d 843, 856.) The residuary clause at issue was designed to dispose of the entire estate by will and to leave no part to pass by intestacy. (*In*

*re Estate of Smith* (1992), 233 Ill. App. 3d 599, 604.) Darlene was a contingent legatee. Her contingency was that she had to survive the testator for her legacy of the residue of the estate to vest. (See *Aurora National Bank v. Old Second National Bank* (1978), 59 Ill. App. 3d 384, 390.) " 'At the moment of [the testator's] death the rights of his heirs and devisees to succeed to his estate are fixed and vested.' " *Scott v. Scott* (1989), 179 Ill. App. 3d 489, 492, quoting *Havill v. Havill* (1928), 332 Ill. 11, 15.

■ When the testator died leaving Darlene as his survivor, the contingency terminated and her legacy vested. By filing an affidavit of heirship, Darlene made a *prima facie* showing on the face of the documents that her legacy vested. Petitioners were no longer interested parties entitled to notice.

We conclude that the trial court did not err in dismissing the petition because petitioners were not heirs of the testator, nor were they legatees because Darlene satisfied the contingency, thereby cutting off petitioners' rights under the will.

The judgment of the circuit court is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.